1   MELINDA S. RIECHERT (STATE BAR NO. 65504)
mriechert@orrick.com
2   JULIA C. RIECHERT (STATE BAR NO. 254078)
jriechert@orrick.com
3   ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
4   Menlo Park, CA 94025-1015
Telephone: +1 650 614 7400
5   Facsimile: +1 650 614 7401

6   Attorneys for Defendant
CHICO'S FAS, INC.

7

8               UNITED STATES DISTRICT COURT

9            NORTHERN DISTRICT OF CALIFORNIA

10

11

| | |
|---|---|
| MARLIN MEJIA, an individual, on behalf of herself and on behalf of all persons similarly situated, | Case No. 5:24-cv-1007 |
| Plaintiff, | Monterey County Superior Court Case No. 23CV003799 |
| vs. | **DEFENDANT'S NOTICE OF REMOVAL** |
| CHICO'S FAS, INC., a Corporation; and DOES 1 through 50, inclusive, | |
| Defendants. | |

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND HER COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that Defendant Chico's FAS, Inc. files this Notice of Removal pursuant to 28 U.S.C. §§ 1332(d), 1441, 1446 and 1453 to effect the removal of the above-captioned action, which was commenced in the Superior Court of the State of California County of Monterey, and state that the removal is proper for the reasons stated below.

## BACKGROUND

1.    On November 21, 2023, Plaintiff Marlin Mejia filed a Class Action Complaint For Damages in the Superior Court of California for the County of Monterey, entitled "*Marlin Mejia, an individual, on behalf of herself and on behalf of all persons similarly situated,*" Case No. 23CV003799 (the "Action"). ***See* Exhibit 1.** The allegations of the Complaint in the Action are incorporated by reference in this notice without admitting any of them.

2.    The Complaint purports to bring eight class-wide claims against Defendant stemming from Plaintiff's employment with Defendant. Specifically, the Complaint alleges causes of action for: (1) unfair business practices; (2) failure to pay minimum wages; (3) failure to pay overtime wages; (4) failure to provide required meal periods; (5) failure to provide required rest periods; (6) failure to provide accurate itemized wage statements; (7) failure to reimburse employees for required expenses; and (8) failure to pay sick wages. The Complaint contains no specific allegation as to the amount of damages alleged. ***See* Exhibit 1.**

3.    On January 18, 2024, Plaintiff personally served Defendant Chico's FAS, Inc. with a copy of the Summons and Complaint in this matter. The Service of Process Notices upon Defendant, along with the Summons and Complaint are attached hereto together with all other pleadings, process, and orders served on Defendant as **Exhibits 1-5**.

4.     On February 15, 2024, Defendant filed its Answer to the Complaint in the Superior Court of California, for the County of Monterey. *See* Declaration of Melinda S. Riechert, ¶2, **Exhibits 6-7**.

## REMOVAL IS TIMELY

5.     A defendant in a civil action has thirty days from the date it is served with a summons and complaint to remove the action to federal court. 28 U.S.C. § 1446(b) ("The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based…"). If the last day to file a notice of removal falls on a Saturday, Sunday, or legal holiday, the period continues to run until the end of the day next day that is not a Saturday, Sunday, or legal holiday. *See* Fed. R. Civ. P. 6(a)(1)(C).

6.     Here, 30 days from January 18, 2024, the completion of personal service upon Defendant, falls on Saturday, February 17, 2024. Further, Monday, February 19, 2024, is President's Day, which is a federal holiday. Thus, Defendant's deadline to file a removal of this action to federal court is extended to Tuesday, February 20, 2024. Accordingly, Defendant's removal is timely. *See* Fed. R. Civ. P. 6(a)(1)(C) and 26.

## CLASS ACTION FAIRNESS ACT

7.     Defendant removes this action based upon the Class Action Fairness Act ("CAFA"), codified in 28 U.S.C. § 1332(d). This Court has original jurisdiction of this action under § 1332(d)(2). As set forth below, this action is removable pursuant to 28 U.S.C. § 1441(a) as it is a class action in which at least one class member is a citizen of a state different from that of any one defendant, the proposed class exceeds 100 members, and the amount in controversy exceeds $5,000,000, exclusive of interest and costs. 28 U.S.C. § 1332(d)(2)(A). Further, no defendant identified in the Complaint is a state, officers of a state, or a governmental agency. 28 U.S.C. § 1332(d)(5).

1

2                       ***DIVERSITY OF CITIZENSHIP***

3          8.     CAFA's diversity requirement is satisfied when at least one plaintiff is

4   a citizen of a state in which none of the defendants are citizens. 28 U.S.C. §§

5   1332(d)(2), 1332(d)(5)(B), 1453(a).

6          9.     **Plaintiff is a Citizen of California**. For diversity purposes, a person is

7   a "citizen" of the state in which she is domiciled. *Kantor v. Wellesley Galleries, Ltd*.,

8   704 F.2d 1088, 1090 (9th Cir. 1983). A person's domicile is the place she resides

9   with the intention to remain or to which she intends to return. *Kanter v. Warner-*

10  *Lambert Co*., 265 F.3d 853, 857 (9th Cir. 2001). Residence is *prima facie* the

11  domicile. *See Ayala v. Cox Automotive, Inc*., 2016 WL 6561284, at *4 (C.D. Cal.

12  2016) (allegation that Plaintiff "is, and at all times mentioned in the Complaint was,"

13  a California resident "gives rise to a presumption that Plaintiff is a California

14  citizen"); *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994).

15         10.    Plaintiff alleges in the Complaint that she has been employed by

16  Defendant in the state of California since March of 2023. *See* Complaint ¶ 3. On

17  March 20, 2023, Defendant Chico's FAS, Inc. hired Plaintiff as a part-time Support

18  Associate working at Defendant's retail store at Del Monte Center in the city of

19  Monterey, California. *See* Declaration of Andrea Morganelli ("Morganelli Decl.") at

20  ¶7. Plaintiff is currently employed by Defendant in the same role. *Id*. In connection

21  with her employment application at Defendant Chico's FAS, Inc., Plaintiff submitted

22  her resume. *Id*. at ¶7, Exhibit 1. Plaintiff's resume shows her address in Seaside,

23  California. *Id*. Plaintiff's resume further shows that since September 2011, she has

24  worked for 10 employers in Monterey, Salinas, Marina, and San Jose, all of which

25  are cities in Monterey County, California. *Id*. Finally, during her employment,

26  Plaintiff provided her residential address to Defendant. *See* Morganelli Decl. at ¶8.

27  Throughout her employment in California with Defendant Chico's FAS Inc., Plaintiff

28  maintained a residential address in Seaside, Monterey County, California. *Id*. Thus,

since at least in 2011 and throughout her employment with Defendant Chico's FAS, Inc. in California, Plaintiff maintained a residential address in the state of California. *Id*.

11.    Therefore, according to Plaintiff's own allegations and Defendant's business records, Plaintiff is a resident of California for purposes of diversity jurisdiction and the putative class Plaintiff seeks to represents are also in California. *See* Exhibit 1 at ¶¶ 5, 30, 40. Thus, at least one member of the putative class is a citizen of a state different from that of one Defendant. *See* 28 U.S.C. § 1332(d)(2)(A) (requiring only "minimal diversity" under which "any member of a class of plaintiffs is a citizen of a State different from any defendant.").

12.    **Defendant Is Not Citizens of California**. Defendant is now and was at the time of the filing of this action, citizen of a state other than California within the meaning of 28 U.S.C. § 1332.

13.    For diversity purposes, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1).

14.    The United States Supreme Court, in *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010), held that a corporate entity's "principal place of business" for determining its citizenship is its "nerve center." Specifically, our nation's highest court announced:

> We conclude that "principal place of business" is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities. It is the place that Courts of Appeals have called the corporation's "nerve center." And in practice it should normally be the place where the corporation maintains its headquarters -- provided that the headquarters is the actual center of direction, control, and coordination, i.e., the "nerve center."

*Id*. at 92-93.

15.     At the time of the filing of the Complaint on November 21, 2023, Defendant Chico's FAS, Inc. was, and still is, a corporation organized and incorporated under the laws of the state of Florida. Morganelli Decl. at ¶4.

16.     At the time of the filing of the Complaint on November 21, 2023, Defendant Chico's FAS, Inc.'s principal place of business was, and still is, located at 11215 Metro Parkway, Fort Myers, Florida 33966. Morganelli Decl. at ¶5. Further, Defendant's headquarters, as well as their books and records, were and still are, are located at its principal place of business in Fort Myers, Florida. *Id*.

17.     At the time of the filing of the Complaint and continuing to the present, Defendant Chico's FAS, Inc.'s officers conduct executive meetings at the Fort Myers, Florida headquarters, including controlling, directing, and coordinating Defendant's activities. *Id*. Further, most of Defendant's executive and administrative functions, including compliance, human resources, and accounting are performed at its Fort Myers, Florida headquarters. *Id*. at ¶6.

18.     Accordingly, Defendant Chico's FAS, Inc. was not, and is not, a citizen of the state of California. Rather, Defendant Chico's FAS, Inc. was, and still is a citizen of Florida. *Id*.

19.     **The Citizenship of "Doe Defendants" Must Be Disregarded**. The citizenship of fictitiously-named "Doe" defendants is to be disregarded for the purposes of removal. 28 U.S.C. § 1441(a).

20.     **Jurisdiction is Proper in this Court**. This Court has jurisdiction over the case based on diversity jurisdiction pursuant to 28 U.S.C. §§ 1332(a) and 1441(a), in that, Plaintiff is a citizen of California and Defendant is not a citizen of California. Therefore, complete diversity among the parties exists now, and did so at the time of the filing of the Complaint on November 21, 2023.

1

### PROPOSED CLASS SIZE

2      21.    CAFA's requirement that proposed class members be no less than 100

3  under 28 U.S.C. § 1332(d)(5)(B) is satisfied where the alleged putative class has more

4  than 100 members.

5      22.    The Complaint defines the putative class as comprised of "all

6  individuals who are or previously were employed by Defendant in California,

7  including any employees staffed with Defendant by a third party, and classified as

8  non-exempt." *See* Complaint ¶ 30. Plaintiff defines the putative class period as the

9  four years preceding the filing of the Complaint and ending on the date as determined

10  by the Court. *Id*. Plaintiff further defines the putative class as comprised of a

11  California Labor Subclass. *Id*. ¶ 40. Defendant asserts that the putative class has more

12  than 100 members. The actual number of non-exempt individuals who are or were

13  employed by Defendant within the state of California between January 1, 2022[1] to

14  January 31, 2024, is approximately 2,217 employees. Morganelli Decl. at ¶ 9(a).

15

### AMOUNT IN CONTROVERSY EXCEEDS $5 MILLION

16      23.    The alleged amount in controversy in this class action exceeds, in the

17  aggregate, $5,000,000, exclusive of interest and costs. Defendant denies Plaintiff's

18  claims in their entirety and assert that Plaintiff's claims are not amenable to class

19  treatment but provides the following analysis of potential damages based on

20  Plaintiff's allegations and claims (without admitting liability) in order to demonstrate

21  that Plaintiff's Complaint puts a sufficient amount "in controversy" to warrant

22  removal under 28 U.S.C. § 1332(d). The Complaint seeks payment of allegedly

23  unpaid minimum and overtime wages, premium pay for missed meal and rest periods,

24  failure to provide accurate itemized wage statements, failure to reimburse employees

25  _____

26  [1] Defendant uses January 1, 2022, as the beginning of the class period in light of a
    prior class and representative action entitled *Hernandez, et al. v. Chico's FAS, Inc*.,

27  Superior Court of the State of California, County of San Diego, Case No. 37-2021-
    00053273-CU-OE-CTL, which released the wage and hour claims Plaintiff asserts

28  in the Complaint through December 31, 2021.

DEFENDANT'S NOTICE OF REMOVAL – CASE NO. 5:24-CV-1007

1   for required expenses, and unfair business practices during the relevant putative class

2   periods. As set forth below, the amount in controversy implicated by Plaintiff's class-

3   wide allegations far exceeds $5 million dollars.

4       24.    When the amount in controversy is not readily apparent from a

5   complaint, as is the case here because the Complaint contains no specific allegation

6   as to the amount of damages alleged (*see*, generally, Complaint, Exhibit 1), "the court

7   may consider facts in the removal petition" to determine the potential damages at

8   issue. *Kroske v. US Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005) (*quoting Singer

9   v. State Farm Mut. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997)). Where the complaint

10  is silent, a defendant need only satisfy the amount in controversy by a preponderance

11  of the evidence. *Rodriguez v. AT & T Mobility Servs. LLC*, 728 F.3d 975, 977, 981-

12  82 (9th Cir.2013) (overruling defendant's burden to establish the amount in

13  controversy by a "legal certainty" standard articulated in *Lowdermilk v. U.S. Bank

14  National Association*, 479 F.3d 994, 999 (9th Cir. 2007) and holding that the proper

15  burden of proof imposed upon a defendant to establish the amount in controversy is

16  the preponderance of the evidence standard); *see also* 28 U.S.C. § 1446(c)(2)(B);

17  *Guglielmino v. McKee Foods*, 506 F.3d 696, 701 (9th Cir.2007). Thus, Defendant in

18  this case is only required to establish that it is more likely than not that the amount in

19  controversy exceeds $5,000,000.

20      25.    Statutory penalties may be considered by the Court when determining

21  the amount in controversy. *See Chabner v. United of Omaha Life Ins. Co.,* 225 F.3d

22  1042, 1046 n.3 (9th Cir. 2000); *Korn v. Polo Ralph Lauren*, 536 F.Supp.2d 1199,

23  1205 (E.D. Cal. 2008) ("Where a statutory maximum is specified, courts may

24  consider the maximum statutory penalty available in determining whether the

25  jurisdictional amount in controversy requirement is met"). The Court should also

26  include requests for attorneys' fees in determining the amount in controversy. *See

27  Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998).

28

26.     An initial review of Defendant's business records shows that from the beginning of the relevant class period of January 1, 2022 to January 31, 2024, Defendant employed approximately 2,217 non-exempt employees in California who would qualify as putative class members based on Plaintiff's proposed class definition, 325 of whom worked exclusively full-time workweeks, 1,754 of whom worked exclusively part-time workweeks, and 138 of whom worked both full-time and part-time workweeks. Morganelli Decl. at ¶9(a). Among the part-time non-exempt employees, the average number of workdays per workweek is approximately 3.1. Approximately 61% of the shifts are 5.0 hours or fewer. *Id.* at ¶9(b). The average hourly rate of pay for those non-exempt putative class members over the course of the relevant putative class period is approximately $19.61 per hour. *Id.* at ¶ ¶9(c). During that same relevant putative class period, these non-exempt putative class members worked approximately 119,035 workweeks, of which 29,222 are full-time workweeks and 89,813 are part-time workweeks. *Id.* at ¶9(f).

27.     **Alleged Failure to Pay Minimum Wages**: Plaintiff alleges that Defendant required its non-exempt employees to work off-the-clock and rounded employees actual time worked. *See* Complaint, Exhibit 1, at ¶8. Further, in her second cause of action that Defendant unlawfully inaccurately calculated the correct time worked and consequently underpaid the actual time worked by Plaintiff and the putative class. *See* Complaint, Exhibit 1, at ¶¶64-77. However, Plaintiff does not specify the number of alleged uncompensated hours worked by Plaintiff and/or the putative class. *See* Complaint, Exhibit 1. Thus, assuming the alleged full-time and part-time, non-exempt putative class members were not paid for 15 minutes of work during each workweek, Plaintiff alleges at least **$583,569.09** for this claim (119,035 workweeks x $19.61 x 0.25 = $583,569.09).

28.     **Alleged Failure to Pay Overtime Wages**: Plaintiff alleges in her third cause of action that Plaintiff and the putative class worked in excess of eight hours per day, and/or in excess of twelve hours per day, and/or forty hours per workweek,

without being paid the required overtime wages. *See* Complaint, Exhibit 1, at ¶¶ 78-92. Assuming that the full-time, non-exempt putative class members were not paid for 15 minutes of overtime pay for each workweek, Plaintiff alleges at least **$296,091.92** for this claim (29,222 workweeks x $27.02 x 0.25 x 1.5 = $296,091.92.)

29. **Alleged Missed Meal and Rest Break Premiums**: Plaintiff's fourth and fifth causes of action are premised on Defendant's alleged failure to provide Plaintiff and the putative class with the opportunity to take a paid rest period of at least 10 consecutive minutes and a meal period of at least 30 consecutive minutes from time to time within the applicable statutory period and did not provide one additional hour of compensation at each employee's regular rate of pay for each workday that a meal or rest period was not provided. *See* Complaint, Exhibit 1, at ¶¶ 94-95, 98-99. Assuming that the full-time non-exempt putative class were not provided with the opportunity to take one meal break each workweek and part-time non-exempt putative class members who worked shifts in excess of five hours were not provided with 0.25 meal breaks each workweek, Plaintiff alleges at least **$1,177,795.14** for the meal break claim (for full-time putative class members $27.02 average rate x 29,222 workweeks x 1 violation/week = $789,578.44, plus for part-time putative class members $17.29 average rate x 89,813 workweeks x 0.25 violations/week = $388,216.70). Additionally, assuming the non-exempt putative class members were not provided with one rest period during each workweek, Plaintiff alleges at least **$2,334,276.35** for the rest break claims (119,035 x $19.61 = $2,334,276.35). Thus, on her meal and rest break claims, Plaintiff alleges at least **$3,512,071.48** in controversy.

30. **Alleged Waiting Time Penalties**: Plaintiff alleges in her second and third cause of action that Defendant failed to timely pay Plaintiff and the putative class their earned wages and compensation, including at the time of discharge. *See* Complaint, Exhibit 1, at ¶¶ 20, 77, 92. Labor Code section 203 provides for up to 30 days' wages as a "waiting time" penalty for employers who willfully fail to pay

wages, including wages owed upon termination. During the relevant putative class beginning January 1, 2022 through January 31, 2024, approximately 1,107 employees ended their employment with Defendant, which consisted of 165 full-time and 942 part-time non-exempt employees. Morganelli Decl. at ¶ ¶9(g). The average final hourly rate of pay for full-time, non-exempt putative class members over the course of the relevant putative class period is approximately $27.02 per hour, and the average final hourly rate of pay for part-time, non-exempt putative class members over the course of the relevant putative class period is approximately $17.29 per hour. *Id*. at ¶¶ ¶9(d)(e). Assuming those former employees were not timely paid all wages and compensation due at the time of separation, Plaintiff alleges $ **$3,024,453.60** for this claim (165 x 8 hours/day x $27.02/hr. x 30 days = $1,069,992.00, plus 942 x 4 hours/day x $17.29/hr. x 30 days = $1,954,461.60.)

31.    **Alleged Penalties Under Labor Code Section 226**: Plaintiff alleges in her sixth cause of action that Defendant failed to provide Plaintiff and the putative class with accurate itemized wage statements as required by Labor Code section 226, including but not limited to the following: the correct gross and net wages earned, all applicable hourly rates in effect during the pay period and the corresponding amount of time worked at each hourly rate. *See* Complaint, Exhibit 1, at ¶ 103. Plaintiff seeks to recover liquidated damages of $50 for the initial pay period in which a violation occurred and one hundred dollars per each violation in a subsequent pay period, not to exceed an aggregate penalty of $4,000. *Id*. at ¶ 104. For the relevant putative class period for this claim, which begins one year before the filing of the complaint, of November 21, 2022 to January 31, 2024, Defendant employed approximately 1,691 non-exempt employees, who were paid on a bi-weekly basis and worked approximately 36,541 pay periods. Morganelli Decl. at ¶¶9(h). Based on Defendant's business records, none of Defendant's non-exempt employees in the putative class reach the aggregate penalty of $4,000. *Id*. ¶ ¶9(i). Thus, Plaintiff alleges an amount in controversy of approximately **$3,569,550** for this claim (1,691 x $50 for the first

wage statement pay period ($84,550) + 34,850 subsequent pay periods x $100 ($3,485,000) = $3,569,550.)

32.    **Alleged Unreimbursed Business Expenses**: Plaintiff alleges in her seventh cause of action that Defendant failed to reimburse Plaintiff and the putative class for necessary expenditures or losses incurred by the employee in direct consequence of the discharge of their duties, including for using their personal cellular phones and home offices. *See* Complaint, Exhibit 1, at ¶ 107. Plaintiff further alleged that these expenses were necessary to complete their principal job duties. *Id*. However, Plaintiff does not specify the amount of necessary business expenditures Defendant allegedly failed to reimburse Plaintiff and the putative class. *See* Complaint, Exhibit 1. Assuming Defendant did not reimburse Plaintiff and the putative class at a rate of $5 per month, Plaintiff alleges at least **$138,412.79** for this claim (119,035 divided by 4.3 (workweeks per month) x 5 = $138,412.79).

33.    As the calculations above demonstrate, there is well over $5 million in controversy in this action based on Plaintiff's claims and allegations: $583,569.09 (minimum wages) + $296,091.92 (overtime wages) +  $3,512,071.48 (meal and rest break premiums) +  $3,024,453.60 (waiting time penalties) + $3,569,550 (itemized wage statements) + $138,412.79 (business expenses) = **$11,124,148.88.**

34.    The amount in controversy is also satisfied without even addressing potential attorneys' fees, which are provided by statute and in the Ninth Circuit typically are 25% of any judgment in favor of the plaintiff. See *Altamirano v. Shaw Industries, Inc*., 2013 WL 2950600, at *13 (N.D. Cal., June 14, 2013) (for CAFA amount in controversy, adding 25% of the amount in controversy on the claims for relief to account for attorneys' fees). Including potential attorneys' fees would increase the amount in controversy by an additional $2,781,037.22, totaling **$13,905,186.09** ($11,124,148.88 amount in controversy x 0.25 = $13,905,186.09). Thus, CAFA's amount in controversy requirement is satisfied.

1

## **VENUE**

2     35.    In accordance with 28 U.S.C. § 1446(a), this Notice of Removal is filed

3 in the District Court of the United States in which the action is pending. The Superior

4 Court of California, County of Monterey is located within the Northern District of

5 California, and falls under the jurisdiction of the San Jose Division of the United

6 States District Court, Northern District of California. Civ. L.R. 3-2(e). Therefore,

7 venue is proper in this Court pursuant to 28 U.S.C. 84(c) because it is the "district

8 and division embracing the place where such action is pending." 28 U.S.C. § 1441(a);

9 Civ. L.R. 3-2(e).

10

## **NOTICE OF REMOVAL**

11     36.    This Notice of Removal and the supporting declaration shall be served

12 promptly on Plaintiff's counsel of record and notice of removal will be filed with the

13 Clerk of the Superior Court of the State of California in and for the County of

14 Monterey.

15     37.    In compliance with 28 U.S.C. § 1446(a), attached hereto as Exhibits 1-

16 6 are copies of Plaintiff's and the state-court papers served herein, including,

17 including the Summons and Complaint, and Defendant's Answer to Plaintiff's

18 Complaint submitted for filing in the Superior Court of California, County of

19 Monterey.

20

21

22 Dated:  February 20, 2024       ORRICK, HERRINGTON & SUTCLIFFE LLP

23

24                       By:_____

25                            MELINDA S. RIECHERT
                           JULIA C. RIECHERT

26                            Attorneys for Defendant
                           CHICO'S FAS, INC.

27

28 4126-8573-3454

DEFENDANT'S NOTICE OF REMOVAL – CASE NO. 5:24-CV-1007

# EXHIBIT 1

**BLUMENTHAL NORDREHAUG BHOWMIK DE BLOUW LLP**
Norman B. Blumenthal (State Bar #068687)
Kyle R. Nordrehaug (State Bar #205975)
Aparajit Bhowmik (State Bar #248066)
Nicholas J. De Blouw (State Bar #280922)
Jeffrey S. Herman (State Bar #280058)
2255 Calle Clara
La Jolla, CA 92037
Telephone: (858)551-1223
Facsimile: (858) 551-1232
Website: www.bamlawca.com

ELECTRONICALLY FILED BY
Superior Court of California,
County of Monterey
On 11/21/2023 5:40 PM
By: Agnes Nazarian, Deputy

Attorneys for Plaintiff

### SUPERIOR COURT OF THE STATE OF CALIFORNIA

### IN AND FOR THE COUNTY OF MONTEREY

| | |
|---|---|
| MARLIN MEJIA, an individual, on behalf of herself and on behalf of all persons similarly situated, | Case No. 23CV003799 |
| | **CLASS ACTION COMPLAINT FOR:** |
| Plaintiff, | 1. UNFAIR COMPETITION IN VIOLATION OF CAL. BUS. & PROF. CODE §§ 17200, *et seq.*; |
| vs. | 2. FAILURE TO PAY MINIMUM WAGES IN VIOLATION OF CAL. LAB. CODE §§ 1194, 1197 & 1197.1; |
| CHICO'S FAS, INC., a Corporation; and DOES 1 through 50, inclusive, | 3. FAILURE TO PAY OVERTIME WAGES IN VIOLATION OF CAL. LAB. CODE § 510; |
| | 4. FAILURE TO PROVIDE REQUIRED MEAL PERIODS IN VIOLATION OF CAL. LAB. CODE §§ 226.7 & 512 AND THE APPLICABLE IWC WAGE ORDER; |
| Defendants. | 5. FAILURE TO PROVIDE REQUIRED REST PERIODS IN VIOLATION OF CAL. LAB. CODE §§ 226.7 & 512 AND THE APPLICABLE IWC WAGE ORDER; |
| | 6. FAILURE TO PROVIDE ACCURATE ITEMIZED STATEMENTS IN VIOLATION OF CAL. LAB. CODE § 226; |
| | 7. FAILURE TO REIMBURSE EMPLOYEES FOR REQUIRED EXPENSES IN VIOLATION OF CAL. LAB. CODE § 2802; and, |
| | 8. FAILURE TO PAY SICK PAY WAGES IN VIOLATION OF CAL. LAB CODE §§201-203, 233, 246. |
| | **DEMAND FOR A JURY TRIAL** |

1

CLASS ACTION COMPLAINT

Marlin Mejia ("PLAINTIFF"), an individual, on behalf of herself and all other similarly situated current and former employees alleges on information and belief, except for her own acts and knowledge which are based on personal knowledge, the following.

## THE PARTIES

1.      Chico's FAS, Inc.("DEFENDANT") is a Corporation that at all relevant times mentioned herein conducted and continues to conduct substantial business in California.

2.      DEFENDANT owns and operates clothing stores in California.

3.      PLAINTIFF has been employed by DEFENDANT in California since March of 2023. PLAINTIFF has been at all times classified by DEFENDANT as a non-exempt employee, paid on an hourly basis, and entitled to the legally required meal and rest periods and payment of minimum and overtime wages due for all time worked.

4.      PLAINTIFF brings this Class Action on behalf of herself and a California class, defined as all individuals who are or previously were employed by DEFENDANT in California, including any employees staffed with DEFENDANT by a third party, and classified as non-exempt employees (the "CALIFORNIA CLASS") at any time during the period beginning four (4) years prior to the filing of this Complaint and ending on the date as determined by the Court (the "CALIFORNIA CLASS PERIOD"). The amount in controversy for the aggregate claim of CALIFORNIA CLASS Members is under five million dollars ($5,000,000.00).

5.      PLAINTIFF brings this Class Action on behalf of herself and a CALIFORNIA CLASS in order to fully compensate the CALIFORNIA CLASS for their losses incurred during the CALIFORNIA CLASS PERIOD caused by DEFENDANT's policy and practice which failed to lawfully compensate these employees. DEFENDANT's policy and practice alleged herein was an unlawful, unfair and deceptive business practice whereby DEFENDANT retained and continues to retain wages due PLAINTIFF and the other members of the CALIFORNIA CLASS. PLAINTIFF and the other members of the CALIFORNIA CLASS seek an injunction enjoining such conduct by DEFENDANT in the future, relief for the named PLAINTIFF and the other members of the CALIFORNIA

2

CLASS who have been economically injured by DEFENDANT's past and current unlawful conduct, and all other appropriate legal and equitable relief.

6.      The true names and capacities, whether individual, corporate, subsidiary, partnership, associate or otherwise of defendants DOES 1 through 50, inclusive, are presently unknown to PLAINTIFF who therefore sues these Defendants by such fictitious names pursuant to Cal. Civ. Proc. Code § 474.  PLAINTIFF will seek leave to amend this Complaint to allege the true names and capacities of Does 1 through 50, inclusive, when they are ascertained.  PLAINTIFF is informed and believes, and based upon that information and belief alleges, that the Defendants named in this Complaint, including DOES 1 through 50, inclusive, are responsible in some manner for one or more of the events and happenings that proximately caused the injuries and damages hereinafter alleged.

7.      The agents, servants and/or employees of the Defendants and each of them acting on behalf of the Defendants acted within the course and scope of his, her or its authority as the agent, servant and/or employee of the Defendants, and personally participated in the conduct alleged herein on behalf of the Defendants with respect to the conduct alleged herein.  Consequently, the acts of each Defendant are legally attributable to the other Defendants and all Defendants are jointly and severally liable to PLAINTIFF and the other members of the CALIFORNIA CLASS, for the loss sustained as a proximate result of the conduct of the Defendants' agents, servants and/or employees.

## **THE CONDUCT**

8.      Pursuant to the Industrial Welfare Commission Wage Orders, DEFENDANT was required to pay PLAINTIFF and CALIFORNIA CLASS Members for all their time worked, meaning the time during which an employee is subject to the control of an employer, including all the time the employee is suffered or permitted to work. DEFENDANT requires PLAINTIFF and CALIFORNIA CLASS Members to work without paying them for all the time they are under DEFENDANT's control. Among other things, DEFENDANT requires PLAINTIFF to work while clocked out during what is supposed to

be PLAINTIFF's off-duty meal break. PLAINTIFF was from time to time interrupted by work assignments while clocked out for what should have been PLAINTIFF's off-duty meal break. DEFENDANT, as a matter of established company policy and procedure, administers a uniform practice of rounding the actual time worked and recorded by PLAINTIFF and CALIFORNIA CLASS Members, always to the benefit of DEFENDANT, so that during the course of their employment, PLAINTIFF and CALIFORNIA CLASS Members are paid less than they would have been paid had they been paid for actual recorded time rather than "rounded" time. Additionally, DEFENDANT engages in the practice of requiring PLAINTIFF and CALIFORNIA CLASS Members to perform work off the clock in that DEFENDANT, as a condition of employment, required these employees to submit to mandatory temperature checks and symptom questionnaires for COVID-19 screening prior to clocking into DEFENDANT's timekeeping system for the workday. As a result, PLAINTIFF and other CALIFORNIA CLASS Members forfeit minimum wage, overtime wage compensation, and off-duty meal breaks by working without their time being correctly recorded and without compensation at the applicable rates. DEFENDANT's policy and practice not to pay PLAINTIFF and other CALIFORNIA CLASS Members for all time worked, is evidenced by DEFENDANT's business records.

9.    State and federal law provides that employees must be paid overtime and meal and rest break premiums at one-and-one-half times their "regular rate of pay." PLAINTIFF and other CALIFORNIA CLASS Members are compensated at an hourly rate plus incentive pay that is tied to specific elements of an employee's performance.

10.    The second component of PLAINTIFF's and other CALIFORNIA CLASS Members' compensation is DEFENDANT's non-discretionary incentive program that paid PLAINTIFF and other CALIFORNIA CLASS Members incentive wages based on their performance for DEFENDANT. The non-discretionary incentive program provided all employees paid on an hourly basis with incentive compensation when the employees met the various performance goals set by DEFENDANT. However, when calculating the regular rate of pay in order to pay overtime and meal and rest break premiums to PLAINTIFF and

other CALIFORNIA CLASS Members, DEFENDANT failed to include the incentive compensation as part of the employees' "regular rate of pay" for purposes of calculating overtime pay and meal and rest break premium pay. Management and supervisors described the incentive program to potential and new employees as part of the compensation package. As a matter of law, the incentive compensation received by PLAINTIFF and other CALIFORNIA CLASS Members must be included in the "regular rate of pay." The failure to do so has resulted in a underpayment of overtime compensation and meal and rest break premiums to PLAINTIFF and other CALIFORNIA CLASS Members by DEFENDANT.

11.    As a result of their rigorous work schedules, PLAINTIFF and other CALIFORNIA CLASS Members were from time to time unable to take thirty (30) minute off duty meal breaks and were not fully relieved of duty for their meal periods. PLAINTIFF and other CALIFORNIA CLASS Members were required from time to time to perform work as ordered by DEFENDANT for more than five (5) hours during some shifts without receiving a meal break. Further, DEFENDANT from time to time failed to provide PLAINTIFF and CALIFORNIA CLASS Members with a second off-duty meal period for some workdays in which these employees were required by DEFENDANT to work ten (10) hours of work. DEFENDANT also engaged in the practice of rounding the meal period times to avoid paying penalties to PLAINTIFF and other CALIFORNIA CLASS Members. PLAINTIFF and other members of the CALIFORNIA CLASS therefore forfeit meal breaks without additional compensation and in accordance with DEFENDANT's corporate policy and practice.

12.    During the CALIFORNIA CLASS PERIOD, PLAINTIFF and other CALIFORNIA CLASS Members were also required from time to time to work in excess of four (4) hours without being provided ten (10) minute rest periods. Further, these employees were denied their first rest periods of at least ten (10) minutes for some shifts worked of at least two (2) to four (4) hours from time to time, a first and second rest period of at least ten (10) minutes for some shifts worked of between six (6) and eight (8) hours from time to time, and a first, second and third rest period of at least ten (10) minutes for some shifts

worked of ten (10) hours or more from time to time. PLAINTIFF and other CALIFORNIA CLASS Members were also not provided with one hour wages in lieu thereof. Additionally, the applicable California Wage Order requires employers to provide employees with off-duty rest periods, which the California Supreme Court defined as time during which an employee is relieved from all work related duties and free from employer control. In so doing, the Court held that the requirement under California law that employers authorize and permit all employees to take rest period means that employers must relieve employees of all duties and relinquish control over how employees spend their time which includes control over the locations where employees may take their rest period. Employers cannot impose controls that prohibit an employee from taking a brief walk - five minutes out, five minutes back. Here, DEFENDANT's policy restricted PLAINTIFF and other CALIFORNIA CLASS Members from unconstrained walks and is unlawful based on DEFENDANT's rule which states PLAINTIFF and other CALIFORNIA CLASS Members cannot leave the work premises during their rest period.

13.     During the CALIFORNIA CLASS PERIOD, DEFENDANT failed to accurately record and pay PLAINTIFF and other CALIFORNIA CLASS Members for the actual amount of time these employees worked. Pursuant to the Industrial Welfare Commission Wage Orders, DEFENDANT was required to pay PLAINTIFF and other CALIFORNIA CLASS Members for all time worked, meaning the time during which an employee was subject to the control of an employer, including all the time the employee was permitted or suffered to permit this work. DEFENDANT required these employees to work off the clock without paying them for all the time they were under DEFENDANT's control. As such, DEFENDANT knew or should have known that PLAINTIFF and the other members of the CALIFORNIA CLASS were under compensated for all time worked. As a result, PLAINTIFF and other CALIFORNIA CLASS Members forfeited time worked by working without their time being accurately recorded and without compensation at the applicable minimum wage and overtime wage rates. To the extent that the time worked off the clock does not qualify for overtime premium payment, DEFENDANT fails to pay

minimum wages for the time worked off-the-clock in violation of Cal. Lab. Code §§ 1194, 1197, and 1197.1.

14.    From time to time, DEFENDANT also failed to provide PLAINTIFF and the other members of the CALIFORNIA CLASS with complete and accurate wage statements which failed to show, among other things, the correct gross and net wages earned. Cal. Lab. Code § 226 provides that every employer shall furnish each of his or her employees with an accurate itemized wage statement in writing showing, among other things, gross wages earned and all applicable hourly rates in effect during the pay period and the corresponding amount of time worked at each hourly rate. PLAINTIFF and CALIFORNIA CLASS Members were paid on an hourly basis. As such, the wage statements should reflect all applicable hourly rates during the pay period and the total hours worked, and the applicable pay period in which the wages were earned pursuant to California Labor Code Section 226(a). The wage statements DEFENDANT provided to PLAINTIFF and other CALIFORNIA CLASS Members failed to identify such information. More specifically, the wage statements failed to identify the accurate total hours worked each pay period. When the hours shown on the wage statements were added up, they did not equal the actual total hours worked during the pay period in violation of Cal. Lab. Code 226(a)(2). Aside, from the violations listed above in this paragraph, DEFENDANT failed to issue to PLAINTIFF an itemized wage statement that lists all the requirements under California Labor Code 226 *et seq*. As a result, DEFENDANT from time to time provided PLAINTIFF and the other members of the CALIFORNIA CLASS with wage statements which violated Cal. Lab. Code § 226.

15.    Cal. Lab. Code § 204(d) provides, the requirements of this section shall be deemed satisfied by the payment of wages for weekly, biweekly, or semimonthly payroll if the wages are paid not more than seven (7) calendar days following the close of the payroll period. Cal. Lab. Code § 210 provides:

> [I]n addition to, and entirely independent and apart from, any other penalty provided in this article, every person who fails to pay the wages of each employee as provided in Sections. . . .204. . .shall be subject to a civil penalty as follows: (1) For any initial

7

violation, one hundred dollars ($100) for each failure to pay each employee; (2) For each subsequent violation, or any willful or intentional violation, two hundred dollars ($200) for each failure to pay each employee, plus 25 percent of the amount unlawfully withheld.

16.    DEFENDANT from time to time failed to pay PLAINTIFF and members of the CALIFORNIA LABOR SUB-CLASS Members within seven (7) days of the close of the payroll period in accordance with Cal. Lab. Code § 204(d), including but not limited to for the "Hourly" regular wage payments.

17.    DEFENDANT underpaid sick pay wages to PLAINTIFF and other CALIFORNIA CLASS Members by failing to pay such wages at the regular rate of pay in violation of Cal. Lab. Code Section 246.  Specifically, PLAINTIFF and other non-exempt employees earn non-discretionary remuneration.  Rather than pay sick pay at the regular rate of pay, DEFENDANT underpaid sick pay to PLAINTIFF and other CALIFORNIA CLASS Members at their base rates of pay.

18.    Cal. Lab. Code Section 246(l)(2) requires that paid sick time for nonexempt employees be calculated by dividing the employee's total wages, not including overtime premium pay, by the employee's total hours worked in the full pay periods of the prior 90 days of employment.

19.    DEFENDANT violated Cal. Lab. Code Section 246 by failing to pay sick pay at the regular rate of pay. PLAINTIFF and CALIFORNIA CLASS Members routinely earned non-discretionary incentive wages which increased their regular rate of pay. However, when sick pay was paid, it was paid at the base rate of pay for PLAINTIFF and members of the CALIFORNIA CLASS, as opposed to the correct, higher regular rate of pay, as required under Cal. Lab. Code Section 246.

20.    As a pattern and practice, DEFENDANT regularly failed to pay PLAINTIFF and other members of the CALIFORNIA CLASS their correct wages and accordingly owe waiting time penalties pursuant to Cal. Lab. Code Section 203. Further, PLAINTIFF is informed and believes and based thereon alleges that such failure to pay sick pay at regular rate was willful, such that PLAINTIFF and members of the CALIFORNIA CLASS whose

1  employment has separated are entitled to waiting time penalties pursuant to Cal. Lab. Code

2  Sections 201-203.

3       21.   Pursuant to Cal. Lab. Code Section 221, "It shall be unlawful for any employer

4  to collect or receive from an employee any part of wages theretofore paid by said employer

5  to said employee." DEFENDANT failed to pay all compensation due to PLAINTIFF and

6  other CALIFORNIA LABOR SUB-CLASS Members, made unlawful deductions from

7  compensation payable to PLAINTIFF and CALIFORNIA LABOR SUB-CLASS Members,

8  failed to disclose all aspects of the deductions from compensation payable to PLAINTIFF

9  and CALIFORNIA LABOR SUB-CLASS Members, and thereby failed to pay these

10  employees all wages due at each applicable pay period and upon termination. PLAINTIFF

11  and members of the CALIFORNIA LABOR SUB-CLASS seek recovery of all illegal

12  deductions from wages according to proof, related penalties, interest, attorney fees and costs.

13       22.   DEFENDANT intentionally and knowingly failed to reimburse and indemnify

14  PLAINTIFF and the other CALIFORNIA CLASS Members for required business expenses

15  incurred by the PLAINTIFF and other CALIFORNIA CLASS Members in direct

16  consequence of discharging their duties on behalf of DEFENDANT. Under California

17  Labor Code Section 2802, employers are required to indemnify employees for all expenses

18  incurred in the course and scope of their employment. Cal. Lab. Code § 2802 expressly

19  states that "an employer shall indemnify his or her employee for all necessary expenditures

20  or losses incurred by the employee in direct consequence of the discharge of his or her

21  duties, or of his or her obedience to the directions of the employer, even though unlawful,

22  unless the employee, at the time of obeying the directions, believed them to be unlawful."

23       23.   In the course of their employment PLAINTIFF and other CALIFORNIA

24  CLASS Members as a business expense, were required by DEFENDANT to use their own

25  personal cellular phones as a result of and in furtherance of their job duties as employees for

26  DEFENDANT but are not reimbursed or indemnified by DEFENDANT for the cost

27  associated with the use of their personal cellular phones for DEFENDANT's benefit.

28  Specifically, PLAINTIFF and other CALIFORNIA CLASS Members were required by

DEFENDANT to use their personal cellular phones.  As a result, in the course of their employment with DEFENDANT, PLAINTIFF and other members of the CALIFORNIA CLASS incurred unreimbursed business expenses which included, but were not limited to, costs related to the use of their personal cellular phones all on behalf of and for the benefit of DEFENDANT.

24.    In violation of the applicable sections of the California Labor Code and the requirements of the applicable Industrial Welfare Commission ("IWC") Wage Order, DEFENDANT as a matter of company policy, practice and procedure, intentionally, knowingly and systematically failed to provide PLAINTIFF and the other Aggrieved Employees suitable seating when the nature of these employees' work reasonably permitted sitting.

25.    DEFENDANT knew or should have known that PLAINTIFF and other Aggrieved Employees were entitled to suitable seating and/or were entitled to sit when it did not interfere with the performance of their duties, and that DEFENDANT did not provide suitable seating and/or did not allow them to sit when it did not interfere with the performance of their duties.

26.    By reason of this conduct applicable to PLAINTIFF and all Aggrieved Employees, DEFENDANT violated California Labor Code Section 1198 and California Code of Regulations, Title 8, Section 11070(14) (Failure to Provide Seating),  Wage Order 4-2001, Section 14 by failing to provide suitable seats.  PLAINTIFF seeks penalties on behalf of PLAINTIFF and other Aggrieved Employees as provided herein.  Providing suitable seating is the DEFENDANT's burden.  As a result of DEFENDANT's intentional disregard of the obligation to meet this burden, DEFENDANT violated the California Labor Code and regulations promulgated thereunder as herein alleged.

27.    Specifically as to PLAINTIFF, DEFENDANT failed to provide all the legally required off-duty meal and rest breaks to PLAINTIFF as required by the applicable Wage Order and Labor Code and failed to pay PLAINTIFF all minimum and overtime wages due to PLAINTIFF.  DEFENDANT did not have a policy or practice which provided timely off-

duty meal and rest breaks to PLAINTIFF and also failed to compensate PLAINTIFF for PLAINTIFF's missed meal and rest breaks. The nature of the work performed by the PLAINTIFF did not prevent PLAINTIFF from being relieved of all of PLAINTIFF's duties for the legally required off-duty meal periods. As a result, DEFENDANT's failure to provide PLAINTIFF with the legally required meal periods is evidenced by DEFENDANT's business records. The amount in controversy for PLAINTIFF individually does not exceed the sum or value of $75,000.

## JURISDICTION AND VENUE

28.     This Court has jurisdiction over this Action pursuant to California Code of Civil Procedure, Section 410.10 and California Business & Professions Code, Section 17203. This action is brought as a Class Action on behalf of PLAINTIFF and similarly situated employees of DEFENDANT pursuant to Cal. Code of Civ. Proc. § 382.

29.     Venue is proper in this Court pursuant to California Code of Civil Procedure, Sections 395 and 395.5, because PLAINTIFF worked in this County for DEFENDANT and DEFENDANT (i) currently maintains and at all relevant times maintained offices and facilities in this County and/or conducts substantial business in this County, and (ii) committed the wrongful conduct herein alleged in this County against members of the CALIFORNIA CLASS.

## THE CALIFORNIA CLASS

30.     PLAINTIFF brings the First Cause of Action for Unfair, Unlawful and Deceptive Business Practices pursuant to Cal. Bus. & Prof. Code §§ 17200, *et seq.* (the "UCL") as a Class Action, pursuant to Cal. Code of Civ. Proc. § 382, on behalf of a California class, defined as all individuals who are or previously were employed by DEFENDANT in California, including any employees staffed with DEFENDANT by a third party, and classified as non-exempt employees (the "CALIFORNIA CLASS") at any time during the period beginning four (4) years prior to the filing of this Complaint and ending on

the date as determined by the Court  (the "CALIFORNIA CLASS PERIOD").  The amount in controversy for the aggregate claim of CALIFORNIA CLASS Members is under five million dollars ($5,000,000.00).

31.     To the extent equitable tolling operates to toll claims by the CALIFORNIA CLASS against DEFENDANT, the CALIFORNIA CLASS PERIOD should be adjusted accordingly.

32.     DEFENDANT, as a matter of company policy, practice and procedure, and in violation of the applicable Labor Code, Industrial Welfare Commission ("IWC") Wage Order requirements, and the applicable provisions of California law, intentionally, knowingly, and wilfully, engaged in a practice whereby DEFENDANT failed to record all meal and rest breaks missed by PLAINTIFF and other CALIFORNIA CLASS Members, even though DEFENDANT enjoyed the benefit of this work, required employees to perform this work and permits or suffers to permit this work.

33.     DEFENDANT has the legal burden to establish that each and every CALIFORNIA CLASS Member was paid accurately for all meal and rest breaks missed as required by California laws.  The DEFENDANT, however, as a matter of policy and procedure failed to have in place during the CALIFORNIA CLASS PERIOD and still fails to have in place a policy or practice to ensure that each and every CALIFORNIA CLASS Member is paid as required by law.  This common business practice is applicable to each and every CALIFORNIA CLASS Member can be adjudicated on a class-wide basis as unlawful, unfair, and/or deceptive under Cal. Business & Professions Code §§ 17200, *et seq.* (the "UCL") as causation, damages, and reliance are not elements of this claim.

34.     The CALIFORNIA CLASS, is so numerous that joinder of all CALIFORNIA CLASS Members is impracticable.

35.     DEFENDANT violated the rights of the CALIFORNIA CLASS under California law by:

        (a)     Committing an act of unfair competition in violation of , Cal. Bus. & Prof. Code §§ 17200, *et seq*. (the "UCL"), by unlawfully, unfairly

1  and/or deceptively having in place company policies, practices and

2  procedures that failed to record and pay PLAINTIFF and the other

3  members of the CALIFORNIA CLASS for all time worked, including

4  minimum wages owed and overtime wages owed for work performed

5  by these employees; and,

6      (b)    Committing an act of unfair competition in violation of the UCL, by

7  failing to provide the PLAINTIFF and the other members of the

8  CALIFORNIA CLASS with the legally required meal and rest periods.

9      36.    This Class Action meets the statutory prerequisites for the maintenance of a

10  Class Action as set forth in Cal. Code of Civ. Proc. § 382, in that:

11      (a)    The persons who comprise the CALIFORNIA CLASS are so numerous

12  that the joinder of all such persons is impracticable and the disposition

13  of their claims as a class will benefit the parties and the Court;

14      (b)    Nearly all factual, legal, statutory, declaratory and injunctive relief

15  issues that are raised in this Complaint are common to the

16  CALIFORNIA CLASS will apply to every member of the

17  CALIFORNIA CLASS;

18      (c)    The claims of the representative PLAINTIFF are typical of the claims

19  of each member of the CALIFORNIA CLASS. PLAINTIFF, like all

20  the other members of the CALIFORNIA CLASS, was classified as a

21  non-exempt employee paid on an hourly basis who was subjected to the

22  DEFENDANT's deceptive practice and policy which failed to provide

23  the legally required meal and rest periods to the CALIFORNIA CLASS

24  and thereby underpaid compensation to PLAINTIFF and

25  CALIFORNIA CLASS. PLAINTIFF sustained economic injury as a

26  result of DEFENDANT's employment practices. PLAINTIFF and the

27  members of the CALIFORNIA CLASS were and are similarly or

28

1    identically harmed by the same unlawful, deceptive and unfair

2    misconduct engaged in by DEFENDANT; and,

3    (d)    The representative PLAINTIFF will fairly and adequately represent and

4    protect the interest of the CALIFORNIA CLASS, and has retained

5    counsel who are competent and experienced in Class Action litigation.

6    There are no material conflicts between the claims of the representative

7    PLAINTIFF and the members of the CALIFORNIA CLASS that would

8    make class certification inappropriate.  Counsel for the CALIFORNIA

9    CLASS will vigorously assert the claims of all CALIFORNIA CLASS

10    Members.

11    37.    In addition to meeting the statutory prerequisites to a Class Action, this action

12    is properly maintained as a Class Action pursuant to Cal. Code of Civ. Proc. § 382, in that:

13    (a)    Without class certification and determination of declaratory, injunctive,

14    statutory and other legal questions within the class format, prosecution

15    of separate actions by individual members of the CALIFORNIA

16    CLASS will create the risk of:

17    1)    Inconsistent or varying adjudications with respect to individual

18    members of the CALIFORNIA CLASS which would establish

19    incompatible standards of conduct for the parties opposing the

20    CALIFORNIA CLASS; and/or,

21    2)    Adjudication with respect to individual members of the

22    CALIFORNIA CLASS which would as a practical matter be

23    dispositive of interests of the other members not party to the

24    adjudication or substantially impair or impede their ability to

25    protect their interests.

26    (b)    The parties opposing the CALIFORNIA CLASS have acted or refused

27    to act on grounds generally applicable to the CALIFORNIA CLASS,

28    making appropriate class-wide relief with respect to the CALIFORNIA

14

CLASS ACTION COMPLAINT

CLASS as a whole in that DEFENDANT failed to pay all wages due to members of the CALIFORNIA CLASS as required by law;

1) With respect to the First Cause of Action, the final relief on behalf of the CALIFORNIA CLASS sought does not relate exclusively to restitution because through this claim PLAINTIFF seeks declaratory relief holding that the DEFENDANT's policy and practices constitute unfair competition, along with declaratory relief,  injunctive relief, and incidental equitable relief as may be necessary to prevent and remedy the conduct declared to constitute unfair competition;

(c) Common questions of law and fact exist as to the members of the CALIFORNIA CLASS, with respect to the practices and violations of California law as listed above, and predominate over any question affecting only individual CALIFORNIA CLASS Members, and a Class Action is superior to other available methods for the fair and efficient adjudication of the controversy, including consideration of:

1) The interests of the members of the CALIFORNIA CLASS in individually controlling the prosecution or defense of separate actions in that the substantial expense of individual actions will be avoided to recover the relatively small amount of economic losses sustained by the individual CALIFORNIA CLASS Members when compared to the substantial expense and burden of individual prosecution of this litigation;

2) Class certification will obviate the need for unduly duplicative litigation that would create the risk of:

A. Inconsistent or varying adjudications with respect to individual members of the CALIFORNIA CLASS, which

would establish incompatible standards of conduct for the DEFENDANT; and/or,

    B.    Adjudications with respect to individual members of the CALIFORNIA CLASS would as a practical matter be dispositive of the interests of the other members not parties to the adjudication or substantially impair or impede their ability to protect their interests;

   3)    In the context of wage litigation because a substantial number of individual CALIFORNIA CLASS Members will avoid asserting their legal rights out of fear of retaliation by DEFENDANT, which may adversely affect an individual's job with DEFENDANT or with a subsequent employer, the Class Action is the only means to assert their claims through a representative; and,

   4)    A class action is superior to other available methods for the fair and efficient adjudication of this litigation because class treatment will obviate the need for unduly and unnecessary duplicative litigation that is likely to result in the absence of certification of this action pursuant to Cal. Code of Civ. Proc. § 382.

38.    This Court should permit this action to be maintained as a Class Action pursuant to Cal. Code of Civ. Proc. § 382 because:

   (a)    The questions of law and fact common to the CALIFORNIA CLASS predominate over any question affecting only individual CALIFORNIA CLASS Members because the DEFENDANT's employment practices are applied with respect to the CALIFORNIA CLASS;

   (b)    A Class Action is superior to any other available method for the fair and efficient adjudication of the claims of the members of the

CALIFORNIA CLASS because in the context of employment litigation a substantial number of individual CALIFORNIA CLASS Members will avoid asserting their rights individually out of fear of retaliation or adverse impact on their employment;

(c)     The members of the CALIFORNIA CLASS are so numerous that it is impractical to bring all members of the CALIFORNIA CLASS before the Court;

(d)     PLAINTIFF, and the other CALIFORNIA CLASS Members, will not be able to obtain effective and economic legal redress unless the action is maintained as a Class Action;

(e)     There is a community of interest in obtaining appropriate legal and equitable relief for the acts of unfair competition, statutory violations and other improprieties, and in obtaining adequate compensation for the damages and injuries which DEFENDANT's actions have inflicted upon the CALIFORNIA CLASS;

(f)     There is a community of interest in ensuring that the combined assets of DEFENDANT are sufficient to adequately compensate the members of the CALIFORNIA CLASS for the injuries sustained;

(g)     DEFENDANT has acted or refused to act on grounds generally applicable to the CALIFORNIA CLASS, thereby making final class-wide relief appropriate with respect to the CALIFORNIA CLASS as a whole;

(h)     The members of the CALIFORNIA CLASS are readily ascertainable from the business records of DEFENDANT; and,

(i)     Class treatment provides manageable judicial treatment calculated to bring a efficient and rapid conclusion to all litigation of all wage and hour related claims arising out of the conduct of DEFENDANT as to the members of the CALIFORNIA CLASS.

39.     DEFENDANT maintains records from which the Court can ascertain and identify by job title each of DEFENDANT's employees who have been intentionally subjected to DEFENDANT's company policy, practices and procedures as herein alleged. PLAINTIFF will seek leave to amend the Complaint to include any additional job titles of similarly situated employees when they have been identified.

## THE CALIFORNIA LABOR SUB-CLASS

40.     PLAINTIFF further brings the Second, Third, Fourth, Fifth, Sixth, Seventh and Eighth causes Action on behalf of a California sub-class, defined as all members of the CALIFORNIA CLASS who are or previously were employed by DEFENDANT in California, including any employees staffed with DEFENDANT by a third party, and classified as non-exempt employees (the "CALIFORNIA LABOR SUB-CLASS") at any time during the period three (3) years prior to the filing of the complaint and ending on the date as determined by the Court  (the "CALIFORNIA LABOR SUB-CLASS PERIOD") pursuant to Cal. Code of Civ. Proc. § 382.  The amount in controversy for the aggregate claim of CALIFORNIA LABOR SUB-CLASS Members is under five million dollars ($5,000,000.00).

41.     DEFENDANT, in violation of the applicable Labor Code, Industrial Welfare Commission ("IWC") Wage Order requirements, and the applicable provisions of California law, intentionally, knowingly, and wilfully, engaged in a practice whereby DEFENDANT failed to correctly calculate compensation for the time worked by PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS and reporting time wages owed to these employees, even though DEFENDANT enjoyed the benefit of this work, required employees to perform this work and permitted or suffered to permit this work. DEFENDANT has denied these CALIFORNIA LABOR SUB-CLASS Members wages to which these employees are entitled in order to unfairly cheat the competition and unlawfully profit.  To the extent equitable tolling operates to toll claims by the CALIFORNIA LABOR

1  SUB-CLASS against DEFENDANT, the CALIFORNIA LABOR SUB-CLASS PERIOD

2  should be adjusted accordingly.

3      42.    DEFENDANT maintains records from which the Court can ascertain and

4  identify by name and job title, each of DEFENDANT's employees who have been

5  intentionally subjected to DEFENDANT's company policy, practices and procedures as

6  herein alleged.  PLAINTIFF will seek leave to amend the complaint to include any

7  additional job titles of similarly situated employees when they have been identified.

8      43.    The CALIFORNIA LABOR SUB-CLASS is so numerous that joinder of all

9  CALIFORNIA LABOR SUB-CLASS Members is impracticable.

10     44.    Common questions of law and fact exist as to members of the CALIFORNIA

11 LABOR SUB-CLASS, including, but not limited, to the following:

12         (a)    Whether DEFENDANT unlawfully failed to correctly calculate and pay

13                compensation due to members of the CALIFORNIA LABOR SUB-

14                CLASS for missed meal and rest breaks in violation of the California

15                Labor Code and California regulations and the applicable California

16                Wage Order;

17         (b)    Whether DEFENDANT failed to provide the PLAINTIFF and the other

18                members of the CALIFORNIA LABOR SUB-CLASS with accurate

19                itemized wage statements;

20         (c)    Whether DEFENDANT has engaged in unfair competition by the

21                above-listed conduct;

22         (d)    The proper measure of damages and penalties owed to the members of

23                the CALIFORNIA LABOR SUB-CLASS; and,

24         (e)    Whether DEFENDANT's conduct was willful.

25     45.    DEFENDANT violated the rights of the CALIFORNIA LABOR SUB-

26 CLASS under California law by:

27         (a)    Violating Cal. Lab. Code § 510, by failing to correctly pay the

28                PLAINTIFF and the members of the CALIFORNIA LABOR SUB-

19

CLASS ACTION COMPLAINT

1    CLASS all wages due for overtime worked, for which DEFENDANT is

2    liable pursuant to Cal. Lab. Code § 1194;

3    (b)    Violating Cal. Lab. Code §§ 1194, 1197 & 1197.1 *et seq.*, by failing to

4    accurately pay PLAINTIFF and the members of the CALIFORNIA

5    LABOR SUB-CLASS the correct minimum wage pay for which

6    DEFENDANT is liable pursuant to Cal. Lab. Code §§ 1194 and 1197;

7    (c)    Violating Cal. Lab. Code § 226, by failing to provide PLAINTIFF and

8    the members of the CALIFORNIA LABOR SUB-CLASS with an

9    accurate itemized statement in writing showing the corresponding

10   correct amount of wages earned by the employee;

11   (d)    Violating Cal. Lab. Code §§ 226.7 and 512, by failing to provide

12   PLAINTIFF and the other members of the CALIFORNIA LABOR

13   SUB-CLASS with all legally required off-duty, uninterrupted thirty

14   (30) minute meal breaks and the legally required off-duty rest breaks;

15   (e)    Violating Cal. Lab. Code §§ 201, 202 and/or 203, which provides that

16   when an employee is discharged or quits from employment, the

17   employer must pay the employee all wages due without abatement, by

18   failing to tender full payment and/or restitution of wages owed or in the

19   manner required by California law to the members of the

20   CALIFORNIA LABOR SUB-CLASS who have terminated their

21   employment; and,

22   (f)    Violating Cal. Lab. Code § 2802 by failing to reimburse PLAINTIFF

23   and the CALIFORNIA LABOR SUB-CLASS members with necessary

24   expenses incurred in the discharge of their job duties.

25   46.    This Class Action meets the statutory prerequisites for the maintenance of a

26   Class Action as set forth in Cal. Code of Civ. Proc. § 382, in that:

27   (a)    The persons who comprise the CALIFORNIA LABOR SUB-CLASS

28   are so numerous that the joinder of all CALIFORNIA LABOR SUB-

1    CLASS Members is impracticable and the disposition of their claims as

2    a class will benefit the parties and the Court;

3    (b)    Nearly all factual, legal, statutory, declaratory and injunctive relief

4    issues that are raised in this Complaint are common to the

5    CALIFORNIA LABOR SUB-CLASS and will apply to every member

6    of the CALIFORNIA LABOR SUB-CLASS;

7    (c)    The claims of the representative PLAINTIFF are typical of the claims

8    of each member of the CALIFORNIA LABOR SUB-CLASS.

9    PLAINTIFF, like all the other members of the CALIFORNIA LABOR

10    SUB-CLASS, was a non-exempt employee paid on an hourly basis who

11    was subjected to the DEFENDANT's practice and policy which failed

12    to pay the correct amount of wages due to the CALIFORNIA LABOR

13    SUB-CLASS. PLAINTIFF sustained economic injury as a result of

14    DEFENDANT's employment practices. PLAINTIFF and the members

15    of the CALIFORNIA LABOR SUB-CLASS were and are similarly or

16    identically harmed by the same unlawful, deceptive, and unfair

17    misconduct engaged in by DEFENDANT; and,

18    (d)    The representative PLAINTIFF will fairly and adequately represent and

19    protect the interest of the CALIFORNIA LABOR SUB-CLASS, and

20    has retained counsel who are competent and experienced in Class

21    Action litigation. There are no material conflicts between the claims of

22    the representative PLAINTIFF and the members of the CALIFORNIA

23    LABOR SUB-CLASS that would make class certification

24    inappropriate. Counsel for the CALIFORNIA LABOR SUB-CLASS

25    will vigorously assert the claims of all CALIFORNIA LABOR SUB-

26    CLASS Members.

27    47.    In addition to meeting the statutory prerequisites to a Class Action, this action

28    is properly maintained as a Class Action pursuant to Cal. Code of Civ. Proc. § 382, in that:

(a)     Without class certification and determination of declaratory, injunctive, statutory and other legal questions within the class format, prosecution of separate actions by individual members of the CALIFORNIA LABOR SUB-CLASS will create the risk of:

    1)     Inconsistent or varying adjudications with respect to individual members of the CALIFORNIA LABOR SUB-CLASS which would establish incompatible standards of conduct for the parties opposing the CALIFORNIA LABOR SUB-CLASS; or,

    2)     Adjudication with respect to individual members of the CALIFORNIA LABOR SUB-CLASS which would as a practical matter be dispositive of interests of the other members not party to the adjudication or substantially impair or impede their ability to protect their interests.

(b)     The parties opposing the CALIFORNIA LABOR SUB-CLASS have acted or refused to act on grounds generally applicable to the CALIFORNIA LABOR SUB-CLASS, making appropriate class-wide relief with respect to the CALIFORNIA LABOR SUB-CLASS as a whole in that DEFENDANT fails to pay all wages due. Including the correct wages for all time worked by the members of the CALIFORNIA LABOR SUB-CLASS as required by law;

(c)     Common questions of law and fact predominate as to the members of the CALIFORNIA LABOR SUB-CLASS, with respect to the practices and violations of California Law as listed above, and predominate over any question affecting only individual CALIFORNIA LABOR SUB-CLASS Members, and a Class Action is superior to other available methods for the fair and efficient adjudication of the controversy, including consideration of:

1        1)     The interests of the members of the CALIFORNIA LABOR

2                SUB-CLASS in individually controlling the prosecution or

3                defense of separate actions in that the substantial expense of

4                individual actions will be avoided to recover the relatively small

5                amount of economic losses sustained by the individual

6                CALIFORNIA LABOR SUB-CLASS Members when compared

7                to the substantial expense and burden of individual prosecution

8                of this litigation;

9        2)     Class certification will obviate the need for unduly duplicative

10              litigation that would create the risk of:

11              A.     Inconsistent or varying adjudications with respect to

12                      individual members of the CALIFORNIA LABOR SUB-

13                      CLASS, which would establish incompatible standards of

14                      conduct for the DEFENDANT; and/or,

15              B.     Adjudications with respect to individual members of the

16                      CALIFORNIA LABOR SUB-CLASS would as a

17                      practical matter be dispositive of the interests of the other

18                      members not parties to the adjudication or substantially

19                      impair or impede their ability to protect their interests;

20        3)     In the context of wage litigation because a substantial number of

21              individual CALIFORNIA LABOR SUB-CLASS Members will

22              avoid asserting their legal rights out of fear of retaliation by

23               DEFENDANT, which may adversely affect an individual's job

24              with DEFENDANT or with a subsequent employer, the Class

25              Action is the only means to assert their claims through a

26              representative; and,

27        4)     A class action is superior to other available methods for the fair

28              and efficient adjudication of this litigation because class

treatment will obviate the need for unduly and unnecessary duplicative litigation that is likely to result in the absence of certification of this action pursuant to Cal. Code of Civ. Proc. § 382.

48.    This Court should permit this action to be maintained as a Class Action pursuant to Cal. Code of Civ. Proc. § 382 because:

(a)    The questions of law and fact common to the CALIFORNIA LABOR SUB-CLASS predominate over any question affecting only individual CALIFORNIA LABOR SUB-CLASS Members;

(b)    A Class Action is superior to any other available method for the fair and efficient adjudication of the claims of the members of the CALIFORNIA LABOR SUB-CLASS because in the context of employment litigation a substantial number of individual CALIFORNIA LABOR SUB-CLASS Members will avoid asserting their rights individually out of fear of retaliation or adverse impact on their employment;

(c)    The members of the CALIFORNIA LABOR SUB-CLASS are so numerous that it is impractical to bring all members of the CALIFORNIA LABOR SUB-CLASS before the Court;

(d)    PLAINTIFF, and the other CALIFORNIA LABOR SUB-CLASS Members, will not be able to obtain effective and economic legal redress unless the action is maintained as a Class Action;

(e)    There is a community of interest in obtaining appropriate legal and equitable relief for the acts of unfair competition, statutory violations and other improprieties, and in obtaining adequate compensation for the damages and injuries which DEFENDANT's actions have inflicted upon the CALIFORNIA LABOR SUB-CLASS;

1        (f)    There is a community of interest in ensuring that the combined assets of

2              DEFENDANT are sufficient to adequately compensate the members of

3              the CALIFORNIA LABOR SUB-CLASS for the injuries sustained;

4        (g)    DEFENDANT has acted or refused to act on grounds generally

5              applicable to the CALIFORNIA LABOR SUB-CLASS, thereby

6              making final class-wide relief appropriate with respect to the

7              CALIFORNIA LABOR SUB-CLASS as a whole;

8        (h)    The members of the CALIFORNIA LABOR SUB-CLASS are readily

9              ascertainable from the business records of DEFENDANT.  The

10              CALIFORNIA LABOR SUB-CLASS consists of all CALIFORNIA

11              CLASS Members who worked for DEFENDANT in California at any

12              time during the CALIFORNIA LABOR SUB-CLASS PERIOD; and,

13        (i)    Class treatment provides manageable judicial treatment calculated to

14              bring a efficient and rapid conclusion to all litigation of all wage and

15              hour related claims arising out of the conduct of DEFENDANT as to

16              the members of the CALIFORNIA LABOR SUB-CLASS.

17

18                    **FIRST CAUSE OF ACTION**

19                    **For Unlawful Business Practices**

20              **[Cal. Bus. And Prof. Code §§  17200, *et seq.*]**

21      **(By PLAINTIFF and the CALIFORNIA CLASS and Against All Defendants)**

22      49.    PLAINTIFF, and the other members of the CALIFORNIA CLASS, reallege

23  and incorporate by this reference, as though fully set forth herein, the prior paragraphs of

24  this Complaint.

25      50.    DEFENDANT is a "person" as that term is defined under Cal. Bus. and Prof.

26  Code § 17021.

27      51.    California Business & Professions Code §§ 17200, *et seq.* (the "UCL")

28  defines unfair competition as any unlawful, unfair, or fraudulent business act or practice.

Section 17203 authorizes injunctive, declaratory, and/or other equitable relief with respect to unfair competition as follows:

> Any person who engages, has engaged, or proposes to engage in unfair competition may be enjoined in any court of competent jurisdiction. The court may make such orders or judgments, including the appointment of a receiver, as may be necessary to prevent the use or employment by any person of any practice which constitutes unfair competition, as defined in this chapter, or as may be necessary to restore to any person in interest any money or property, real or personal, which may have been acquired by means of such unfair competition.

Cal. Bus. & Prof. Code § 17203.

52.     By the conduct alleged herein, DEFENDANT has engaged and continues to engage in a business practice which violates California law, including but not limited to, the applicable Industrial Wage Order(s), the California Code of Regulations and the California Labor Code including Sections 204, 210, 221, 226.7, 246, 510, 512, 1194, 1197, 1197.1, 1198, 2802 and the Fair Labor Standards Act and federal regulations promulgated thereunder, for which this Court should issue declaratory and other equitable relief pursuant to Cal. Bus. & Prof. Code § 17203 as may be necessary to prevent and remedy the conduct held to constitute unfair competition, including restitution of wages wrongfully withheld.

53.     By the conduct alleged herein, DEFENDANT's practices were unlawful and unfair in that these practices violate public policy, were immoral, unethical, oppressive, unscrupulous or substantially injurious to employees, and were without valid justification or utility for which this Court should issue equitable and injunctive relief pursuant to Section 17203 of the California Business & Professions Code, including restitution of wages wrongfully withheld.

54.     By the conduct alleged herein, DEFENDANT's practices were deceptive and fraudulent in that DEFENDANT's policy and practice failed to provide the legally mandated meal and rest periods, the required amount of compensation for missed meal and rest periods and overtime and minimum wages owed, failed to timely pay wages, and failed to reimburse all necessary business expenses incurred, and failed to provide Fair Labor Standards Act overtime wages due for overtime worked as a result of failing to include non-

1  discretionary incentive compensation into their regular rates of pay for purposes of

2  computing the proper overtime pay due to a business practice that cannot be justified,

3  pursuant to the applicable Cal. Lab. Code, and Industrial Welfare Commission requirements

4  in violation of Cal. Bus. Code §§ 17200, *et seq.*, and for which this Court should issue

5  injunctive and equitable relief, pursuant to Cal. Bus. & Prof. Code § 17203, including

6  restitution of wages wrongfully withheld.

7      55.    By the conduct alleged herein, DEFENDANT's practices were also unlawful,

8  unfair and deceptive in that DEFENDANT's employment practices caused PLAINTIFF and

9  the other members of the CALIFORNIA CLASS to be underpaid during their employment

10 with DEFENDANT.

11     56.    By the conduct alleged herein, DEFENDANT's practices were also unlawful,

12 unfair and deceptive in that DEFENDANT's policies, practices and procedures failed to

13 provide all legally required meal breaks to PLAINTIFF and the other members of the

14 CALIFORNIA CLASS as required by Cal. Lab. Code §§ 226.7 and 512.

15     57.    Therefore, PLAINTIFF demands on behalf of herself and on behalf of each

16 CALIFORNIA CLASS Member, one (1) hour of pay for each workday in which an off-duty

17 meal period was not timely provided for each five (5) hours of work, and/or one (1) hour of

18 pay for each workday in which a second off-duty meal period was not timely provided for

19 each ten (10) hours of work.

20     58.    PLAINTIFF further demands on behalf of herself and each member of the

21 CALIFORNIA LABOR SUB-CLASS, one (1) hour of pay for each workday in which an off

22 duty paid rest period was not timely provided as required by law.

23     59.    By and through the unlawful and unfair business practices described herein,

24 DEFENDANT has obtained valuable property, money and services from PLAINTIFF and

25 the other members of the CALIFORNIA CLASS, including earned wages for all time

26 worked, and has deprived them of valuable rights and benefits guaranteed by law and

27 contract, all to the detriment of these employees and to the benefit of DEFENDANT so as to

28 allow DEFENDANT to unfairly compete against competitors who comply with the law.

60.     All the acts described herein as violations of, among other things, the Industrial Welfare Commission Wage Orders, the California Code of Regulations, and the California Labor Code, were unlawful and in violation of public policy, were immoral, unethical, oppressive and unscrupulous, were deceptive, and thereby constitute unlawful, unfair and deceptive business practices in violation of Cal. Bus. & Prof. Code §§ 17200, *et seq*.

61.     PLAINTIFF and the other members of the CALIFORNIA CLASS are entitled to, and do, seek such relief as may be necessary to restore to them the money and property which DEFENDANT has acquired, or of which PLAINTIFF and the other members of the CALIFORNIA CLASS have been deprived, by means of the above described unlawful and unfair business practices, including earned but unpaid wages for all time worked.

62.     PLAINTIFF and the other members of the CALIFORNIA CLASS are further entitled to, and do, seek a declaration that the described business practices are unlawful, unfair and deceptive, and that injunctive relief should be issued restraining DEFENDANT from engaging in any unlawful and unfair business practices in the future.

63.     PLAINTIFF and the other members of the CALIFORNIA CLASS have no plain, speedy and/or adequate remedy at law that will end the unlawful and unfair business practices of DEFENDANT. Further, the practices herein alleged presently continue to occur unabated. As a result of the unlawful and unfair business practices described herein, PLAINTIFF and the other members of the CALIFORNIA CLASS have suffered and will continue to suffer irreparable legal and economic harm unless DEFENDANT is restrained from continuing to engage in these unlawful and unfair business practices.

///
///
///
///
///
///

**SECOND CAUSE OF ACTION**

**For Failure To Pay Minimum Wages**

**[Cal. Lab. Code §§ 1194, 1197 and 1197.1]**

**(By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS**

**and Against All Defendants)**

64.    PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-CLASS, reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs of this Complaint.

65.    PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS bring a claim for DEFENDANT's willful and intentional violations of the California Labor Code and the Industrial Welfare Commission requirements for DEFENDANT's failure to accurately calculate and pay minimum wages to PLAINTIFF and CALIFORNIA CLASS Members.

66.    Pursuant to Cal. Lab. Code § 204, other applicable laws and regulations, and public policy, an employer must timely pay its employees for all hours worked.

67.    Cal. Lab. Code § 1197 provides the minimum wage for employees fixed by the commission is the minimum wage to be paid to employees, and the payment of a less wage than the minimum so fixed in unlawful.

68.    Cal. Lab. Code § 1194 establishes an employee's right to recover unpaid wages, including minimum wage compensation and interest thereon, together with the costs of suit.

69.    DEFENDANT maintained a wage practice of paying PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS without regard to the correct amount of time they work.  As set forth herein, DEFENDANT's policy and practice was to unlawfully and intentionally deny timely payment of wages due to PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS.

70.    DEFENDANT's unlawful wage and hour practices manifested, without limitation, applicable to the CALIFORNIA LABOR SUB-CLASS as a whole, as a result of

29

1  implementing a policy and practice that denies accurate compensation to PLAINTIFF and

2  the other members of the CALIFORNIA LABOR SUB-CLASS in regards to minimum

3  wage pay.

4      71.    In committing these violations of the California Labor Code, DEFENDANT

5  inaccurately calculated the correct time worked and consequently underpaid the actual time

6  worked by PLAINTIFF and other members of the CALIFORNIA LABOR SUB-CLASS.

7  DEFENDANT acted in an illegal attempt to avoid the payment of all earned wages, and

8  other benefits in violation of the California Labor Code, the Industrial Welfare Commission

9  requirements and other applicable laws and regulations.

10     72.    As a direct result of DEFENDANT's unlawful wage practices as alleged

11 herein, PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS did

12 not receive the correct minimum wage compensation for their time worked for

13 DEFENDANT.

14     73.    During the CALIFORNIA LABOR SUB-CLASS PERIOD, DEFENDANT

15 required, permitted or suffered PLAINTIFF and CALIFORNIA LABOR SUB-CLASS

16 Members to work without paying them for all the time they were under DEFENDANT's

17 control. During the CALIFORNIA LABOR SUB-CLASS PERIOD, PLAINTIFF and the

18 other members of the CALIFORNIA LABOR SUB-CLASS were paid less for time worked

19 that they were entitled to, constituting a failure to pay all earned wages.

20     74.    By virtue of DEFENDANT's unlawful failure to accurately pay all earned

21 compensation to PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-

22 CLASS for the true time they worked, PLAINTIFF and the other members of the

23 CALIFORNIA LABOR SUB-CLASS have suffered and will continue to suffer an

24 economic injury in amounts which are presently unknown to them and which will be

25 ascertained according to proof at trial.

26     75.    DEFENDANT knew or should have known that PLAINTIFF and the other

27 members of the CALIFORNIA LABOR SUB-CLASS were under compensated for their

28 time worked. DEFENDANT elected, either through intentional malfeasance or gross

1    nonfeasance, to not pay employees for their labor as a matter of company policy, practice

2    and procedure, and DEFENDANT perpetrated this scheme by refusing to pay PLAINTIFF

3    and the other members of the CALIFORNIA LABOR SUB-CLASS the correct minimum

4    wages for their time worked.

5         76.    In performing the acts and practices herein alleged in violation of California

6    labor laws, and refusing to compensate the members of the CALIFORNIA LABOR SUB-

7    CLASS for all time worked and provide them with the requisite compensation,

8    DEFENDANT acted and continues to act intentionally, oppressively, and maliciously

9    toward PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS

10   with a conscious and utter disregard for their legal rights, or the consequences to them, and

11   with the despicable intent of depriving them of their property and legal rights, and otherwise

12   causing them injury in order to increase company profits at the expense of these employees.

13        77.    PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-

14   CLASS therefore request recovery of all unpaid wages, according to proof, interest,

15   statutory costs, as well as the assessment of any statutory penalties against DEFENDANT,

16   in a sum as provided by the California Labor Code and/or other applicable statutes.  To the

17   extent minimum wage compensation is determined to be owed to the CALIFORNIA

18   LABOR SUB-CLASS Members who have terminated their employment, DEFENDANT's

19   conduct also violates Labor Code §§ 201 and/or 202, and therefore these individuals are also

20   be entitled to waiting time penalties under Cal. Lab. Code § 203, which penalties are sought

21   herein on behalf of these CALIFORNIA LABOR SUB-CLASS Members.  DEFENDANT's

22   conduct as alleged herein was willful, intentional and not in good faith.  Further,

23   PLAINTIFF and other CALIFORNIA LABOR SUB-CLASS Members are entitled to seek

24   and recover statutory costs.

25   ///

26   ///

27   ///

28   ///

31

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**THIRD CAUSE OF ACTION**

**For Failure To Pay Overtime Compensation**

**[Cal. Lab. Code § 510]**

**(By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS and Against All Defendants)**

78.    PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-CLASS, reallege and incorporate by this reference, as though full set forth herein, the prior paragraphs of this Complaint.

79.    PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS bring a claim for DEFENDANT's willful and intentional violations of the California Labor Code and the Industrial Welfare Commission requirements for DEFENDANT's failure to pay these employees for all overtime worked, including, work performed in excess of eight (8) hours in a workday, and/or twelve (12) hours in a workday, and/or forty (40) hours in any workweek.

80.    Pursuant to Cal. Lab. Code § 204, other applicable laws and regulations, and public policy, an employer must timely pay its employees for all hours worked.

81.    Cal. Lab. Code § 510 further provides that employees in California shall not be employed more than eight (8) hours per workday and more than forty (40) hours per workweek  unless they receive additional compensation beyond their regular wages in amounts specified by law.

82.    Cal. Lab. Code § 1194 establishes an employee's right to recover unpaid wages, including minimum wage and overtime compensation and interest thereon, together with the costs of suit.  Cal. Lab. Code § 1198 further states that the employment of an employee for longer hours than those fixed by the Industrial Welfare Commission is unlawful.

83.    During the CALIFORNIA LABOR SUB-CLASS PERIOD, PLAINTIFF and

1  CALIFORNIA LABOR SUB-CLASS Members were required, permitted or suffered by

2  DEFENDANT to work for DEFENDANT and were not paid for all the time they worked,

3  including overtime work.

4        84.    DEFENDANT's unlawful wage and hour practices manifested, without

5  limitation, applicable to the CALIFORNIA LABOR SUB-CLASS as a whole, as a result of

6  implementing a policy and practice that failed to accurately record overtime worked by

7  PLAINTIFF and other CALIFORNIA LABOR SUB-CLASS Members and denied accurate

8  compensation to PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-

9  CLASS for overtime worked, including, the overtime work performed in excess of eight (8)

10  hours in a workday, and/or twelve (12) hours in a workday, and/or forty (40) hours in any

11  workweek.

12        85.    In committing these violations of the California Labor Code, DEFENDANT

13  inaccurately recorded overtime worked and consequently underpaid the overtime worked by

14  PLAINTIFF and other CALIFORNIA LABOR-SUB CLASS Members.  DEFENDANT

15  acted in an illegal attempt to avoid the payment of all earned wages, and other benefits in

16  violation of the California Labor Code, the Industrial Welfare Commission requirements

17  and other applicable laws and regulations. As a direct result of DEFENDANT's unlawful

18  wage practices as alleged herein, the PLAINTIFF and the other members of the

19  CALIFORNIA LABOR SUB-CLASS did not receive full compensation for overtime

20  worked.

21        86.    Cal. Lab. Code § 515 sets out various categories of employees who are exempt

22  from the overtime requirements of the law.  None of these exemptions are applicable to the

23  PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS.  Further,

24  PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS were not

25  subject to a valid collective bargaining agreement that would preclude the causes of action

26  contained herein this Complaint.  Rather, PLAINTIFF brings this Action on behalf of

27  herself and the CALIFORNIA LABOR SUB-CLASS based on DEFENDANT's violations

28  of non-negotiable, non-waiveable rights provided by the State of California.

87.    During the CALIFORNIA LABOR SUB-CLASS PERIOD, PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS have been paid less for overtime worked that they are entitled to, constituting a failure to pay all earned wages.

88.    DEFENDANT failed to accurately pay the PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS overtime wages for the time they worked which was in excess of the maximum hours permissible by law as required by Cal. Lab. Code §§ 510, 1194 & 1198, even though PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS were required to work, and did in fact work, overtime as to which DEFENDANT failed to accurately record and pay as evidenced by DEFENDANT's business records and witnessed by employees.

89.    By virtue of DEFENDANT's unlawful failure to accurately pay all earned compensation to PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS for the true amount of time they worked, PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS have suffered and will continue to suffer an economic injury in amounts which are presently unknown to them and which will be ascertained according to proof at trial.

90.    DEFENDANT knew or should have known that PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS were under compensated for all overtime worked.  DEFENDANT elected, either through intentional malfeasance or gross nonfeasance, to not pay employees for their labor as a matter of company policy, practice and procedure, and DEFENDANT perpetrated this scheme by refusing to pay PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS for overtime worked.

91.    In performing the acts and practices herein alleged in violation of California labor laws, and refusing to compensate the members of the CALIFORNIA LABOR SUB-CLASS for all overtime worked and provide them with the requisite overtime compensation, DEFENDANT acted and continues to act intentionally, oppressively, and maliciously toward PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS with a conscious of and utter disregard for their legal rights, or the consequences to them,

34

1  and with the despicable intent of depriving them of their property and legal rights, and

2  otherwise causing them injury in order to increase company profits at the expense of these

3  employees.

4        92.     PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-

5  CLASS therefore request recovery of all overtime wages, according to proof, interest,

6  statutory costs, as well as the assessment of any statutory penalties against DEFENDANT,

7  in a sum as provided by the California Labor Code and/or other applicable statutes.  To the

8  extent minimum and/or overtime compensation is determined to be owed to the

9  CALIFORNIA LABOR SUB-CLASS Members who have terminated their employment,

10  DEFENDANT's conduct also violates Labor Code §§ 201 and/or 202, and therefore these

11  individuals are also be entitled to waiting time penalties under Cal. Lab. Code § 203, which

12  penalties are sought herein on behalf of these CALIFORNIA LABOR SUB-CLASS

13  Members.  DEFENDANT's conduct as alleged herein was willful, intentional and not in

14  good faith.  Further, PLAINTIFF and other CALIFORNIA LABOR SUB-CLASS Members

15  are entitled to seek and recover statutory costs.

16

17  **FOURTH CAUSE OF ACTION**

18  **For Failure to Provide Required Meal Periods**

19  **[Cal. Lab. Code §§ 226.7 & 512 ]**

20  **(By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS and Against All**

21  **Defendants)**

22        93.     PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-

23  CLASS, reallege and incorporate by this reference, as though fully set forth herein, the prior

24  paragraphs of this Complaint.

25        94.     During the CALIFORNIA CLASS PERIOD, DEFENDANT from time to time

26  failed to provide all the legally required off-duty meal breaks to PLAINTIFF and the other

27  CALIFORNIA LABOR SUB-CLASS Members as required by the applicable Wage Order

28  and Labor Code.  The nature of the work performed by PLAINTIFF and CALIFORNIA

1  LABOR SUB-CLASS MEMBERS did not prevent these employees from being relieved of
2  all of their duties for the legally required off-duty meal periods.  As a result of their rigorous
3  work schedules, PLAINTIFF and other CALIFORNIA LABOR SUB-CLASS Members
4  were from time to time not fully relieved of duty by DEFENDANT for their meal periods.
5  Additionally, DEFENDANT's failure to provide PLAINTIFF and the CALIFORNIA
6  LABOR SUB-CLASS Members with legally required meal breaks prior to their fifth (5th)
7  hour of work is evidenced by DEFENDANT's business records from time to time.  Further,
8  DEFENDANT failed to provide PLAINTIFF and CALIFORNIA CLASS Members with a
9  second off-duty meal period in some workdays in which these employees were required by
10  DEFENDANT to work ten (10) hours of work from time to time.  As a result, PLAINTIFF
11  and other members of the CALIFORNIA LABOR SUB-CLASS therefore forfeited meal
12  breaks without additional compensation and in accordance with DEFENDANT's strict
13  corporate policy and practice.

14      95.    DEFENDANT further violates California Labor Code §§ 226.7 and the
15  applicable IWC Wage Order by failing to compensate PLAINTIFF and CALIFORNIA
16  LABOR SUB-CLASS Members who were not provided a meal period, in accordance with
17  the applicable Wage Order, one additional hour of compensation at each employee's regular
18  rate of pay for each workday that a meal period was not provided.

19      96.    As a proximate result of the aforementioned violations, PLAINTIFF and
20  CALIFORNIA LABOR SUB-CLASS Members have been damaged in an amount according
21  to proof at trial, and seek all wages earned and due, interest, penalties, expenses and costs of
22  suit.

23  ///
24  ///
25  ///
26  ///
27  ///
28  ///

1

2

3

4

5

**FIFTH CAUSE OF ACTION**

**For Failure to Provide Required Rest Periods**

**[Cal. Lab. Code §§ 226.7 & 512 ]**

**(By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS and Against All**

**Defendants)**

6     97.    PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-

7   CLASS, reallege and incorporate by this reference, as though fully set forth herein, the prior

8   paragraphs of this Complaint.

9     98.    PLAINTIFF and other CALIFORNIA LABOR SUB-CLASS Members were

10   from time to time required to work in excess of four (4) hours without being provided ten

11   (10) minute rest periods.  Further, these employees from time to time were denied their first

12   rest periods of at least ten (10) minutes for some shifts worked of at least two (2) to four (4)

13   hours, a first and second rest period of at least ten (10) minutes for some shifts worked of

14   between six (6) and eight (8) hours, and a first, second and third rest period of at least ten

15   (10) minutes for some shifts worked of ten (10) hours or more from time to time.

16   PLAINTIFF and other CALIFORNIA LABOR SUB-CLASS Members were also not

17   provided with one hour wages in lieu thereof.  As a result of their rigorous work schedules,

18   PLAINTIFF and other CALIFORNIA LABOR SUB-CLASS Members were periodically

19   denied their proper rest periods by DEFENDANT and DEFENDANT's managers.

20     99.    DEFENDANT further violated California Labor Code §§ 226.7 and the

21   applicable IWC Wage Order by failing to compensate PLAINTIFF and CALIFORNIA

22   LABOR SUB-CLASS Members who were not provided a rest period, in accordance with

23   the applicable Wage Order, one additional hour of compensation at each employee's regular

24   rate of pay for each workday that rest period was not provided.

25     100.    As a proximate result of the aforementioned violations, PLAINTIFF and

26   CALIFORNIA LABOR SUB-CLASS Members have been damaged in an amount according

27   to proof at trial, and seek all wages earned and due, interest, penalties, expenses and costs of

28   suit.

1

## SIXTH CAUSE OF ACTION

2

**For Failure to Provide Accurate Itemized Statements**

3

**[Cal. Lab. Code § 226]**

4

**(By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS and Against All**

5

**Defendants)**

6      101.    PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-

7   CLASS, reallege and incorporate by this reference, as though fully set forth herein, the prior

8   paragraphs of this Complaint.

9      102.    Cal. Labor Code § 226 provides that an employer must furnish employees with

10   an "accurate itemized" statement in writing showing:

11
      (1) gross wages earned,
      (2) total hours worked by the employee, except for any employee whose
12   compensation is solely based on a salary and who is exempt from payment of
      overtime under subdivision (a) of Section 515 or any applicable order of the
13   Industrial Welfare Commission,
      (3) the number of piecerate units earned and any applicable piece rate if the employee
14   is paid on a piece-rate basis,
      (4) all deductions, provided that all deductions made on written orders of the
15   employee may be aggregated and shown as one item,
      (5) net wages earned,
16   (6) the inclusive dates of the period for which the employee is paid,
      (7) the name of the employee and his or her social security number, except that by
17   January 1, 2008, only the last four digits of his or her social security number or an
      employee identification number other than a social security number may be shown on
18   the itemized statement,
      (8) the name and address of the legal entity that is the employer, and
19   (9) all applicable hourly rates in effect during the pay period and the corresponding
      number of hours worked at each hourly rate by the employee.

20      103.    From time to time, DEFENDANT also failed to provide PLAINTIFF and the

21   other members of  the CALIFORNIA LABOR SUB-CLASS with complete and accurate

22   wage statements which failed to show, among other things, the correct gross and net wages

23   earned.  Cal. Lab. Code § 226 provides that every employer shall furnish each of his or her

24   employees with an accurate itemized wage statement in writing showing, among other

25   things, gross wages earned and all applicable hourly rates in effect during the pay period and

26   the corresponding amount of time worked at each hourly rate.  PLAINTIFF and

27   CALIFORNIA LABOR SUB-CLASS Members were paid on an hourly basis.  As such, the

28

1   wage statements should reflect all applicable hourly rates during the pay period and the total

2   hours worked, and the applicable pay period in which the wages were earned pursuant to

3   California Labor Code Section 226(a). The wage statements DEFENDANT provided to

4   PLAINTIFF and other CALIFORNIA LABOR SUB-CLASS Members failed to identify

5   such information. More specifically, the wage statements failed to identify the accurate total

6   hours worked each pay period. When the hours shown on the wage statements were added

7   up, they did not equal the actual total hours worked during the pay period in violation of Cal.

8   Lab. Code 226(a)(2). Aside, from the violations listed above in this paragraph,

9   DEFENDANT failed to issue to PLAINTIFF an itemized wage statement that lists all the

10   requirements under California Labor Code 226 *et seq.* As a result, DEFENDANT from time

11   to time provided PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-

12   CLASS with wage statements which violated Cal. Lab. Code § 226.

13        104.  DEFENDANT knowingly and intentionally failed to comply with Cal. Lab.

14   Code § 226, causing injury and damages to PLAINTIFF and the other members of the

15   CALIFORNIA LABOR SUB-CLASS. These damages include, but are not limited to, costs

16   expended calculating the correct wages for all missed meal and rest breaks and the amount

17   of employment taxes which were not properly paid to state and federal tax authorities.

18   These damages are difficult to estimate. Therefore, PLAINTIFF and the other members of

19   the CALIFORNIA LABOR SUB-CLASS may elect to recover liquidated damages of fifty

20   dollars ($50.00) for the initial pay period in which the violation occurred, and one hundred

21   dollars ($100.00) for each violation in a subsequent pay period pursuant to Cal. Lab. Code §

22   226, in an amount according to proof at the time of trial (but in no event more than four

23   thousand dollars ($4,000.00) for PLAINTIFF and each respective member of the

24   CALIFORNIA LABOR SUB-CLASS herein).

25   ///

26   ///

27   ///

28   ///

1

**SEVENTH CAUSE OF ACTION**

2

**For Failure to Reimburse Employees for Required Expenses**

3

**[Cal. Lab. Code § 2802]**

4

**(By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS and Against All**

5

**Defendants)**

6     105.    PLAINTIFF and the other CALIFORNIA LABOR SUB-CLASS members

7   reallege and incorporate by this reference, as though fully set forth herein, the prior

8   paragraphs of this Complaint.

9     106.    Cal. Lab. Code § 2802 provides, in relevant part, that:

10     An employer shall indemnify his or her employee for all necessary
       expenditures or losses incurred by the employee in direct consequence of the

11     discharge of his or her duties, or of his or her obedience to the directions of
       the employer, even though unlawful, unless the employee, at the time of

12     obeying the directions, believed them to be unlawful.

13     107.    At all relevant times herein, DEFENDANT violated Cal. Lab. Code § 2802,

14   by failing to indemnify and reimburse PLAINTIFF and the CALIFORNIA LABOR SUB-

15   CLASS members for required expenses incurred in the discharge of their job duties for

16   DEFENDANT's benefit.  DEFENDANT failed to reimburse PLAINTIFF and the

17   CALIFORNIA LABOR SUB-CLASS members for expenses which included, but were not

18   limited to, costs related to using their personal cellular phones on behalf of and for the

19   benefit of DEFENDANT.  Specifically, PLAINTIFF and other CALIFORNIA LABOR

20   SUB-CLASS Members were required by DEFENDANT to use their personal cellular

21   phones and home offices in order to perform work related job tasks.  DEFENDANT's policy

22   and practice was to not reimburse PLAINTIFF and the CALIFORNIA LABOR SUB-

23   CLASS members for expenses resulting from using their personal cellular phones and home

24   offices for DEFENDANT within the course and scope of their employment for

25   DEFENDANT.  These expenses were necessary to complete their principal job duties.

26   DEFENDANT is estopped  by DEFENDANT's conduct to assert any waiver of this

27   expectation.  Although these expenses were necessary expenses incurred by PLAINTIFF

28

1    and the CALIFORNIA LABOR SUB-CLASS members, DEFENDANT failed to indemnify

2    and reimburse PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS members for

3    these expenses as an employer is required to do under the laws and regulations of California.

4        108.   PLAINTIFF therefore demands reimbursement for expenditures or losses

5    incurred by herself and the CALIFORNIA LABOR SUB-CLASS members in the discharge

6    of their job duties for DEFENDANT, or their obedience to the directions of DEFENDANT,

7    with interest at the statutory rate and costs under Cal. Lab. Code § 2802.

8                              **EIGHTH CAUSE OF ACTION**

9                          **For Failure to Pay Sick Pay Wages**

10                      **[ Cal. Lab. Code §§ 201-203, 210, 233, 246]**

11                  **(By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS**

12                          **and Against All Defendants)**

13       109.   PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-

14   CLASS, reallege and incorporate by reference, as though fully set forth herein, the prior

15   paragraphs of this Complaint.

16       110.   Cal Lab. Code § 233 provides that an employer must permit an employee to

17   use accrued sick leave in accordance with Cal Lab. Code § 246.5 at the employee's then

18   current rate of entitlement.  Cal Lab. Code § 246 provides that an employee is entitled to

19   sick pay wages for use of accrued sick leave pursuant to Cal Lab. Code § 246.5.

20   Specifically, once accrued sick leave is used as paid sick time, an employee has a vested

21   right to sick pay wages, which an employer must calculate and compensate based on one of

22   two calculations: (i) "Paid sick time for nonexempt employees shall be calculated in the

23   same manner as the regular rate of pay for the workweek in which the employee uses paid

24   sick time, whether or not the employee actually works overtime in that workweek," or (ii)

25   "Paid sick time for nonexempt employees shall be calculated by dividing the employee's

26   total wages, not including overtime premium pay, by the employee's total hours worked in

27   the full pay periods of the prior 90 days of employment." Under Cal Lab. Code §§ 218 and

28   233, employees may sue to recover underpaid sick pay wages as damages.

111.    As a matter of policy and practice, DEFENDANT pays sick pay wages to PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS at the incorrect rate of pay.  PLAINTIFF and the other members of the CALIFORNIA LABOR-SUB-CLASS regularly use accrued sick leave in the workweeks in which they also earn non-hourly remuneration.  As a matter of policy and practice, DEFENDANT pays sick pay wages to PLAINTIFF and the other members of the CALIFORNIA LABOR-SUB-CLASS at the base hourly pay, as opposed to the regular rate of pay, which would consider all non-hourly remuneration in addition to base hourly wages, or the rate resulting from dividing the employee's total wages, not including overtime premium pay, by the employee's total hours worked in the full pay periods of the prior 90 days of employment.  As a result, DEFENDANT underpaid sick pay wages to PLAINTIFF and the other members of the CALIFORNIA LABOR-SUB-CLASS.

112.    Cal. Lab. Code § 246 specifically requires that, upon use of accrued sick leave, vested sick pay wages are due and to be paid no later than the payday for the next regular payroll period after accrued sick leave is used as paid sick time.  Similarly, Cal. Lab. Code § 201 provides that if an employer discharges an employee, wages earned and unpaid at the time of discharge are due and payable immediately. Cal. Lab. Code § 202 provides that an employee is entitled to receive all unpaid wages no later than 72 hours after an employee quits his or her employment, unless the employee has given 72-hour notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.  The Labor Code penalizes untimely payments.  For example, Cal. Lab. Code § 203 provides that if an employer willfully fails to pay wages owed in accordance with Cal. Lab. Code §§ 201-202, then the wages of the employee shall continue as a penalty from the due date, and at the same rate until paid, but the wages shall not continue for more than thirty (30) days. Likewise, Cal. Lab. Code § 210 provides penalties for untimely payments during employment.  Under Cal. Lab. Code §§ 203, 210 and 218, employees may sue to recover applicable penalties.

113.    As alleged herein and as a matter of policy and practice, DEFENDANT

42

1 | routinely underpays sick pay wages and thus did not timely pay PLAINTIFF and the other

2 | members of the CALIFORNIA LABOR-SUB-CLASS all owing and underpaid sick pay

3 | wages.  As a result, DEFENDANT violates Cal. Lab. Code §§ 201-203, 210, 233, and 246,

4 | among other Labor Code provisions.  PLAINTIFF is informed and believes that

5 | DEFENDANT was advised by skilled lawyers and knew, or should have known, of the

6 | mandates of the Labor Code as it relates to PLAINTIFF's allegations, especially since the

7 | California Supreme Court has explained that "[c]ourts have recoginzed that 'wages' also

8 | include those benefits to which an employee is entitled as a part of his or her compensation,

9 | including money, room, board, clothing, vacation pay, *and sick pay.*" *Murphy v. Kenneth*

10 | *Cole Prods., Inc.*, 40 Cal. 4th 1094, 1103 (2007)(emphasis added). Because DEFENDANT

11 | willfully fails to timely pay PLAINTIFF and the other members of the CALIFORNIA

12 | LABOR-SUB-CLASS all sick pay wages due, DEFENDANT is subject to applicable

13 | penalties.

14 |      114.    Such a pattern, practice, and uniform administration of corporate policy is

15 | unlawful and entitles PLAINTIFF and the other members of the CALIFORNIA LABOR-

16 | SUB-CLASS to underpaid sick pay wages, including interest thereon, applicable penalties,

17 | attorney's fees, and costs of suit.

18 | **PRAYER FOR RELIEF**

19 |      WHEREFORE, PLAINTIFF prays for judgment against each Defendant, jointly and

20 | severally, as follows:

21 | 1.    On behalf of the CALIFORNIA CLASS:

22 |      A)    That the Court certify the First Cause of Action asserted by the CALIFORNIA

23 |          CLASS as a class action pursuant to Cal. Code of Civ. Proc. § 382;

24 |      B)    An order temporarily, preliminarily and permanently enjoining and restraining

25 |          DEFENDANT from engaging in similar unlawful conduct as set forth herein;

26 |      C)    An order requiring DEFENDANT to pay all wages and all sums unlawfuly

27 |          withheld from compensation due to PLAINTIFF and the other members of the

28 |          CALIFORNIA CLASS; and,

1   D) Restitutionary disgorgement of DEFENDANT's ill-gotten gains into a fluid fund

2     for restitution of the sums incidental to DEFENDANT's violations due to

3     PLAINTIFF and to the other members of the CALIFORNIA CLASS.

4 2. On behalf of the CALIFORNIA LABOR SUB-CLASS:

5   A) That the Court certify the Second, Third, Fourth, Fifth, Sixth, Seventh and Eighth

6     Causes of Action asserted by the CALIFORNIA LABOR SUB-CLASS as a class

7     action pursuant to Cal. Code of Civ. Proc. § 382;

8   B) Compensatory damages, according to proof at trial, including compensatory

9     damages for minimum and overtime compensation due PLAINTIFF and the other

10     members of the CALIFORNIA LABOR SUB-CLASS, during the applicable

11     CALIFORNIA LABOR SUB-CLASS PERIOD plus interest thereon at the

12     statutory rate;

13   C) The greater of all actual damages or fifty dollars ($50) for the initial pay period

14     in which a violation occurs and one hundred dollars ($100) per each member of

15     the CALIFORNIA LABOR SUB-CLASS for each violation in a subsequent pay

16     period, not exceeding an aggregate penalty of four thousand dollars ($4,000), and

17     an award of costs for violation of Cal. Lab. Code § 226;

18   D) Meal and rest period compensation pursuant to Cal. Lab. Code §§ 226.7, 512 and

19     the applicable IWC Wage Order;

20   E) For liquidated damages pursuant to California Labor Code Sections 1194.2 and

21     1197;

22   F) The amount of the expenses PLAINTIFF and each member of the CALIFORNIA

23     LABOR SUBCLASS incurred in the course of their job duties, plus interest, and

24     costs of suit.; and,

25   G) The wages of all terminated employees in the CALIFORNIA LABOR

26     SUB-CLASS as a penalty from the due date thereof at the same rate until paid or

27     until an action therefore is commenced, in accordance with Cal. Lab. Code § 203.

28 3. On all claims:

CLASS ACTION COMPLAINT

A)   An award of interest, including prejudgment interest at the legal rate;

B)   Such other and further relief as the Court deems just and equitable; and,

C)   An award of penalties, attorneys' fees and cost of suit, as allowable under the law, including, but not limited to, pursuant to Labor Code §221, §226, §1194, and/or §2802.

Dated: November 21, 2023          BLUMENTHAL NORDREHAUG BHOWMIK DE BLOUW LLP


By:   ___/s/ Nicholas De Blouw___
      Norman B. Blumenthal
      Nicholas J. De Blouw

      *Attorneys for Plaintiff*

1

## DEMAND FOR A JURY TRIAL

2     PLAINTIFF demands a jury trial on issues triable to a jury.

3

4     Dated: November 21, 2023        BLUMENTHAL NORDREHAUG BHOWMIK DE BLOUW LLP

5

6                                     By:    /s/ Nicholas De Blouw

7                                            Norman B. Blumenthal
                                             Nicholas J. De Blouw

8                                     *Attorneys for Plaintiff*

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT 2

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
CHICO'S FAS, INC., a Corporation; and DOES 1 through 50, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
MARLIN MEJIA, an individual, on behalf of herself and on behalf of all persons similarly situated,

ELECTRONICALLY FILED BY
Superior Court of California,
County of Monterey
On 11/21/2023 5:40 PM
By: Agnes Nazarian, Deputy

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>SUPERIOR COURT OF CALIFORNIA, COUNTY OF MONTEREY<br>Monterey Courthouse<br>1200 Aguajito Road, Monterey, CA 93940 | CASE NUMBER:<br>*(Número del Caso):*<br>**23CV003799** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Norman B. Blumenthal    (Bar # 68687)    Fax No.: (858) 551-1232
Blumenthal Nordrehaug Bhowmik De Blouw, 2255 Calle Clara, La Jolla, CA 92037    Phone No.: (858) 551-1223

| DATE:<br>*(Fecha)* | 11/21/2023 | Clerk, by<br>*(Secretario)* | /s/ Agnes Nazarian | , Deputy<br>*(Adjunto)* |
|---|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):*    CHICO'S FAS, INC.

under: ☒ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)

☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

[SEAL]

Page 1 of 1

# EXHIBIT 3

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Norman B. Blumenthal  (Bar # 68687) Kyle Nordrehaug  (Bar # 205975) Blumenthal Nordrehaug Bhowmik De Blouw LLP 2255 Calle Clara, La Jolla, CA 92037 TELEPHONE NO.: (858) 551-1223   FAX NO.: (858) 551-1232 ATTORNEY FOR *(Name)*: Plaintiff Marlin Mejia | **ELECTRONICALLY FILED BY** Superior Court of California, County of Monterey On 11/21/2023 5:40 PM By: Agnes Nazarian, Deputy |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF MONTEREY
STREET ADDRESS: 1200 Aguajito Road
MAILING ADDRESS: 1200 Aguajito Road,
CITY AND ZIP CODE: Monterey 93940
BRANCH NAME: Monterey Courthouse

CASE NAME:
MARLIN MEJIA v. CHICO'S FAS, INC.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: 23CV003799 |
|---|---|---|
| [X] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter  [ ] Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) |
| | | JUDGE: |
| | | DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[X] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [X] is  [ ] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [X] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [X] Substantial amount of documentary evidence
   d. [X] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. [X] monetary  b. [X] nonmonetary; declaratory or injunctive relief  c. [ ] punitive
4. Number of causes of action *(specify)*: EIGHT (8)
5. This case [X] is  [ ] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: November 21, 2023

Nicholas J. De Blouw                              /s/ Nicholas De Blouw
(TYPE OR PRINT NAME)                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

*LexisNexis® Automated California Judicial Council Forms*

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
　Asbestos Property Damage
　Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
　Medical Malpractice– Physicians & Surgeons
　Other Professional Health Care Malpractice
Other PI/PD/WD (23)
　Premises Liability (e.g., slip and fall)
　Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
　Intentional Infliction of Emotional Distress
　Negligent Infliction of Emotional Distress
　Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
　Legal Malpractice
　Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
　Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
　Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
　Negligent Breach of Contract/ Warranty
　Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
　Collection Case–Seller Plaintiff
　Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
　Auto Subrogation
　Other Coverage
Other Contract (37)
　Contractual Fraud
　Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
　Writ of Possession of Real Property
　Mortgage Foreclosure
　Quiet Title
　Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
　Writ–Administrative Mandamus
　Writ–Mandamus on Limited Court Case Matter
　Writ–Other Limited Court Case Review
Other Judicial Review (39)
　Review of Health Officer Order
　Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
　Abstract of Judgment (Out of County)
　Confession of Judgment *(non-domestic relations)*
　Sister State Judgment
　Administrative Agency Award *(not unpaid taxes)*
　Petition/Certification of Entry of Judgment on Unpaid Taxes
　Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
　Declaratory Relief Only
　Injunctive Relief Only *(non-harassment)*
　Mechanics Lien
　Other Commercial Complaint Case *(non-tort/non-complex)*
　Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
　Civil Harassment
　Workplace Violence
　Elder/Dependent Adult Abuse
　Election Contest
　Petition for Name Change
　Petition for Relief From Late Claim
　Other Civil Petition

*LexisNexis® Automated California Judicial Council Forms*

# EXHIBIT 4

| SUPERIOR COURT OF MONTEREY COUNTY Monterey Branch, 1200 Aguajito Road, Monterey, CA 93940 | |
|---|---|
| **Marlin Mejia** vs. Chico's FAS, Inc. | **CASE NUMBER 23CV003799** |
| | **Case Management Conference** |

## NOTICE OF ASSIGNMENT AND CASE MANAGEMENT CONFERENCE

**Your case is assigned for all purposes to the Honorable Thomas W Wills.**

Your civil case, excluding unlawful detainer and collections are a rotational assignment among three judicial officers:
      Judge Thomas W. Wills; Judge Carrie M. Panetta, Judge Vanessa W. Vallarta

Your provisionally complex case or "is complex" designation at case initiation are assigned ODD/EVEN by ending number among two judicial officers:      Judge Thomas W. Wills and Judge Carrie M. Panetta

This notice, which includes the Alternative Dispute Resolution (ADR) information packet (CI-127), <u>must</u> be served together with the Summons and Complaint or Petition pursuant to California Rule of Court 3.221. *Parties are required to follow the complex case instructions, case management rules as outlined in California Rule of Court 3.722 and Chapter 6 of the Local Rules of Court, all can be found on the court website at* <u>www.monterey.courts.ca.gov</u>. A case management statement from each party or joint statement shall be filed prior to the conference as outlined in California Rule of Court 3.725.

---

Date: <u>April 23, 2024</u>   Time:<u>9:00 AM</u>   **Department 15 \***

**Location: <u>Monterey Courthouse, 1200 AGUAJITO ROAD, MONTEREY, CA 93940</u>**

\*If appearing remotely be sure and access the correct link:
Judge Thomas W. Wills – Dept. 15
Judge Carrie M. Panetta – Dept. 14
Judge Vanessa W. Vallarta - Dept. 13a
**Information regarding remote appearance can be found at:** https://www.monterey.courts.ca.gov/remote

---

## COURT REPORTER INFORMATION

**Effective January 1, 2022**, Monterey County Superior Court will only be providing court reporter services in the following, statutorily-mandated case types:

1. Death penalty proceedings under Penal Code §190.9;
2. Juvenile proceedings not before a referee or commissioner under Welfare & Institutions Code §347 and §677;
3. Felony cases under Code of Civil Procedure §269; and
4. "Withdrawal of consent to adopt" proceedings under Family Code §9005.

---

**NOTICE OF ALL PURPOSE CASE ASSIGNMENT**   [Rev. June 2022]

**(Civil)**

For all other, non-statutorily-mandated cases, litigants who need court reporter services, and who are not entitled to a court-provided reporter due to indigency, will need to arrange for such services.

Pursuant to statutes of the State of California, it is the responsibility of the court to establish procedures for the timely and effective disposition of civil cases.

The court is charged with the responsibility of ensuring all parties a fair and timely resolution of their disputes, and the court is in the best position to establish neutral rules and policies without adversely affecting all parties' right to a fair trial. Effective management of the judicial system will build continuing respect by the community of government, minimize the costs to the parties and the public, and maximize the probability that cases will be timely resolved.

The goals of the Monterey County civil case and trial management system are:

1. To provide an effective and fair procedure for the timely disposition of civil cases;
2. To provide a mechanism to gather needed case information in order to make appropriate judicial management decisions; and
3. To establish reasonable rules and policies to require that cases reporting "ready" for trial may be tried without unnecessary delays or interruptions.

*Court proceedings are in English. If you or a witness in your case needs an interpreter, please complete Judicial Council form INT—300.* **You must file INT-300 at the first floor clerks counter (or by e-file) 15\* business days prior to your hearing.**
*Los procedimientos judiciales son en inglés. Si usted o un testigo en su caso necesita un intérprete, complete el formulario INT-300 del Consejo Judicial.* **Debe presentar el INT-300 con los empleados legales de la oficina del primer piso (o mediante archivo electrónico) 15\* días hábiles antes de su audiencia.**

---

### Alternative Dispute Resolution (CI-127) - (INFORMATION PACKET)
OPTIONS FOR RESOLVING YOUR DISPUTE

#### There Are Alternatives to Going to Trial
Did you know that 95 percent of all civil cases filed in court are resolved without going to trial? Many people use processes other than trial to resolve their disputes. These alternative processes, known as Alternative Dispute Resolution or ADR, are typically less formal and adversarial than trial, and many use a problem-solving approach to help the parties reach an agreement.

#### Advantages of ADR
Here are some potential advantages of using ADR:
- **Save Time:** A dispute often can be settled or decided much sooner with ADR; often in a matter of months, even weeks, while bringing a lawsuit to trial can take a year or more.
- **Save Money:** When cases are resolved earlier through ADR, the parties may save some of the money they would have spent on attorney fees, court costs, and expert's fees.
- **Increase Control over the Process and the Outcome:** In ADR, parties typically play a greater role in shaping both the process and its outcome. In most ADR processes, parties have more opportunity to tell their side of the story than they do at trial. Some ADR processes, such as mediation, allow the parties to fashion creative resolutions that are not available in a trial. Other ADR processes, such as arbitration, allow the parties to choose an expert in a particular field to decide the dispute.

---

**NOTICE OF ALL PURPOSE CASE ASSIGNMENT**     [Rev. June 2022]

**(Civil)**

- **Preserve Relationships:** ADR can be a less adversarial and hostile way to resolve a dispute. For example, an experienced mediator can help the parties effectively communicate their needs and point of view to the other side. This can be an important advantage where the parties have a relationship to preserve.
- **Increase Satisfaction:** In a trial, there is typically a winner and a loser. The loser is not likely to be happy, and even the winner may not be completely satisfied with the outcome. ADR can help the parties find win-win solutions and achieve their real goals. This, along with all of ADR's other potential advantages, may increase the parties' overall satisfaction with both the dispute resolution process and the outcome.
- **Improve Attorney-Client Relationships:** Attorneys may also benefit from ADR by being seen as problem-solvers rather than combatants. Quick, cost-effective, and satisfying resolutions are likely to produce happier clients and thus generate repeat business from clients and referrals of their friends and associates.

Because of these potential advantages, it is worth considering using ADR early in a lawsuit or even before you file a lawsuit.

## What Are the ADR Options?

The most commonly used ADR processes are mediation, arbitration, neutral evaluation, and settlement conferences.

## Mediation

In mediation, an impartial person called a "mediator" helps the parties try to reach a mutually acceptable resolution of the dispute. The mediator does not decide the dispute but helps the parties communicate so they can try to settle the dispute themselves. Mediation leaves control of the outcome with the parties. The Monterey County Superior Court offers a Court-Directed Mediation Program.

**Cases for Which Mediation May Be Appropriate:** Mediation may be particularly useful when parties have a relationship they want to preserve. So when family members, neighbors, or business partners have a dispute, mediation may be the ADR process to use.

Mediation is also effective when emotions are getting in the way of resolution. An effective mediator can hear the parties out and help them communicate with each other in an effective and nondestructive manner.

**Cases for Which Mediation May Not Be Appropriate:** Mediation may not be effective if one of the parties is unwilling to cooperate or compromise. Mediation also may not be effective if one of the parties has a significant advantage in power over the other. Therefore, it may not be a good choice if the parties have a history of abuse or victimization.

## Arbitration

In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are often relaxed.

Arbitration may be either "binding" or "nonbinding." Binding arbitration means that the parties waive their right to a trial and agree to accept the arbitrator's decision as final. Generally, there is no right to appeal an arbitrator's decision in binding arbitration. Nonbinding arbitration means that the parties are free to request a trial if they do not accept the arbitrator's decision. The Monterey County Superior Court offers a nonbinding judicial arbitration program.

**Cases for Which Arbitration May Be Appropriate:** Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial. It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute.

**Cases for Which Arbitration May Not Be Appropriate:** If parties want to retain control over how their dispute is resolved, arbitration, particularly binding arbitration, is not appropriate. In binding arbitration, the parties generally cannot appeal the arbitrator's award, even if it is not supported by the evidence or the law. Even in nonbinding arbitration, if a party requests a trial and does not receive a more favorable result at trial than in arbitration, there may be penalties.

## Neutral Evaluation

In neutral evaluation, each party gets a chance to present the case to a neutral person called an "evaluator." The evaluator then gives an opinion on the strengths and weaknesses of each party's evidence and arguments and about how the dispute could be resolved. The evaluator is often an expert in the subject matter of the dispute. Although the evaluator's opinion is nonbinding, the parties typically use it as a basis for trying to negotiate a resolution of the dispute.

---

**NOTICE OF ALL PURPOSE CASE ASSIGNMENT**    [Rev. June 2022]

**(Civil)**

**Cases for Which Neutral Evaluation May Be Appropriate:** Neutral evaluation may be most appropriate in cases in which there are technical issues that require expertise to resolve or the only significant issue in the case is the amount of damages.

**Cases for Which Neutral Evaluation May Not Be Appropriate:** Neutral evaluation may not be appropriate when there are significant personal or emotional barriers to resolving the dispute.

<u>**Settlement Conference**</u>

Settlement conferences may be either mandatory or voluntary. In both types of settlement conferences, the parties and their attorneys meet with a judge or neutral person called a "settlement officer" to discuss possible settlement of their dispute. The judge or settlement officer does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. Settlement conferences are appropriate in any case where settlement is an option. Mandatory settlement conferences are often held close to the date a case is set

---

**NOTICE OF ALL PURPOSE CASE ASSIGNMENT**    [Rev. June 2022]

**(Civil)**

# EXHIBIT 5

CI-127

# Alternative Dispute Resolution

(INFORMATION PACKET)

OPTIONS FOR RESOLVING YOUR DISPUTE

## There Are Alternatives to Going to Trial

Did you know that 95 percent of all civil cases filed in court are resolved without going to trial? Many people use processes other than trial to resolve their disputes. These alternative processes, known as Alternative Dispute Resolution or ADR, are typically less formal and adversarial than trial, and many use a problem-solving approach to help the parties reach an agreement.

## Advantages of ADR

Here are some potential advantages of using ADR:

**Save Time:** A dispute often can be settled or decided much sooner with ADR; often in a matter of months, even weeks, while bringing a lawsuit to trial can take a year or more.

- **Save Money:** When cases are resolved earlier through ADR, the parties may save some of the money they would have spent on attorney fees, court costs, and expert's fees.

- **Increase Control over the Process and the Outcome:** In ADR, parties typically play a greater role in shaping both the process and its outcome. In most ADR processes, parties have more opportunity to tell their side of the story than they do at trial. Some ADR processes, such as mediation, allow the parties to fashion creative resolutions that are not available in a trial. Other ADR processes, such as arbitration, allow the parties to choose an expert in a particular field to decide the dispute.

- **Preserve Relationships:** ADR can be a less adversarial and hostile way to resolve a dispute. For example, an experienced mediator can help the parties effectively communicate their needs and point of view to the other side. This can be an important advantage where the parties have a relationship to preserve.

- **Increase Satisfaction:** In a trial, there is typically a winner and a loser. The loser is not likely to be happy, and even the winner may not be completely satisfied with the outcome. ADR can help the parties find win-win solutions and achieve their real goals. This, along with all of ADR's other potential advantages, may increase the parties' overall satisfaction with both the dispute resolution process and the outcome.

- **Improve Attorney-Client Relationships:** Attorneys may also benefit from ADR by being seen as problem-solvers rather than combatants. Quick, cost-effective, and satisfying resolutions are likely to produce happier clients and thus generate repeat business from clients and referrals of their friends and associates.

Because of these potential advantages, it is worth considering using ADR early in a lawsuit or even before you file a lawsuit.

## What Are the ADR Options?

The most commonly used ADR processes are mediation, arbitration, neutral evaluation, and settlement conferences.

## Mediation

In mediation, an impartial person called a "mediator" helps the parties try to reach a mutually acceptable resolution of the dispute. The mediator does not decide the dispute but helps the parties communicate so they can try to settle the dispute themselves. Mediation leaves control of the outcome with the parties. The Monterey County Superior Court offers a Court-Directed Mediation Program.

Form Approved for Mandatory Use
CI-127 Rev. September, 2013

**ALTERNATIVE DISPUTE RESOLUTION**
**INFORMATION PACKET**
(Civil)

Monterey County Superior Court
Page 1 of 2

**Cases for Which Mediation May Be Appropriate:** Mediation may be particularly useful when parties have a relationship they want to preserve. So when family members, neighbors, or business partners have a dispute, mediation may be the ADR process to use.

Mediation is also effective when emotions are getting in the way of resolution. An effective mediator can hear the parties out and help them communicate with each other in an effective and nondestructive manner.

**Cases for Which Mediation May Not Be Appropriate:** Mediation may not be effective if one of the parties is unwilling to cooperate or compromise. Mediation also may not be effective if one of the parties has a significant advantage in power over the other. Therefore, it may not be a good choice if the parties have a history of abuse or victimization.

### Arbitration

In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are often relaxed.

Arbitration may be either "binding" or "nonbinding." Binding arbitration means that the parties waive their right to a trial and agree to accept the arbitrator's decision as final. Generally, there is no right to appeal an arbitrator's decision in binding arbitration. Nonbinding arbitration means that the parties are free to request a trial if they do not accept the arbitrator's decision. The Monterey County Superior Court offers a nonbinding judicial arbitration program.

**Cases for Which Arbitration May Be Appropriate:** Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial. It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute.

**Cases for Which Arbitration May Not Be Appropriate:** If parties want to retain control over how their dispute is resolved, arbitration, particularly binding arbitration, is not appropriate. In binding arbitration, the parties generally cannot appeal the arbitrator's award, even if it is not supported by the evidence or the law. Even in nonbinding arbitration, if a party requests a trial and does not receive a more favorable result at trial than in arbitration, there may be penalties.

### Neutral Evaluation

In neutral evaluation, each party gets a chance to present the case to a neutral person called an "evaluator." The evaluator then gives an opinion on the strengths and weaknesses of each party's evidence and arguments and about how the dispute could be resolved. The evaluator is often an expert in the subject matter of the dispute. Although the evaluator's opinion is nonbinding, the parties typically use it as a basis for trying to negotiate a resolution of the dispute.

**Cases for Which Neutral Evaluation May Be Appropriate:** Neutral evaluation may be most appropriate in cases in which there are technical issues that require expertise to resolve or the only significant issue in the case is the amount of damages.

**Cases for Which Neutral Evaluation May Not Be Appropriate:** Neutral evaluation may not be appropriate when there are significant personal or emotional barriers to resolving the dispute.

### Settlement Conference

Settlement conferences may be either mandatory or voluntary. In both types of settlement conferences, the parties and their attorneys meet with a judge or neutral person called a "settlement officer" to discuss possible settlement of their dispute. The judge or settlement officer does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. Settlement conferences are appropriate in any case where settlement is an option. Mandatory settlement conferences are often held close to the date a case is set for trial.

Form Approved for Mandatory Use
CI-127 Rev. September, 2013

**ALTERNATIVE DISPUTE RESOLUTION
INFORMATION PACKET**
(Civil)

Monterey County Superior Court
Page 2 of 2

JAN 1 8 2024

# EXHIBIT 6

© InfoTrack US

Version: 7.0.3527 | Customer #0000404

Accessibility statement (https://www.onelegal.com/accessibility/)    |    Privacy policy

(https://www.onelegal.com/privacy/)    |    Terms of service (https://www.onelegal.com/terms/)

1  MELINDA S. RIECHERT (STATE BAR NO. 65504)
   mriechert@orrick.com
2  JULIA C. RIECHERT (STATE BAR NO. 254078)
   jriechert@orrick.com
3  ORRICK, HERRINGTON & SUTCLIFFE LLP
   1000 Marsh Road
4  Menlo Park, CA  94025-1015
   Telephone:    +1 650 614 7400
5  Facsimile:    +1 650 614 7401

6  MARIAM BICKNELL (STATE BAR NO. 317945)
   mbicknell@orrick.com
7  ORRICK, HERRINGTON & SUTCLIFFE LLP
   2050 Main Street, Suite 1100
8  Irvine, California 92614
   Telephone:    949-567-6700
9  Facsimile:    949-567-6710

10 Attorneys for Defendant
   CHICO'S FAS, INC.

11

12                  SUPERIOR COURT OF THE STATE OF CALIFORNIA

13                    IN AND FOR THE COUNTY OF MONTEREY

14

15 | MARLIN MEJIA, an individual, on behalf of | Case No. 23CV003799 |
16 | herself and on behalf of all persons similarly situated, | **DEFENDANT CHICO'S FAS, INC.'S** |
17 |  | **ANSWER TO CLASS ACTION** |
   |              Plaintiff, | **COMPLAINT** |
18 |  |  |
   |       vs. |  |
19 |  |  |
20 | CHICO'S FAS, INC., a Corporation; and | Complaint Filed: November 21, 2023 |
   | DOES 1 through 50, inclusive, |  |
21 |  |  |
   |              Defendants. |  |

22

23

24

25

26

27

28

1    **TO PLAINTIFF MARLIN MEJIA AND HER ATTORNEYS OF RECORD:**

2    Defendant CHICO'S FAS, INC. hereby responds to the unverified Class Action Complaint

3    ("Complaint") filed by Plaintiff MARLIN MEJIA, an individual, on behalf of herself and on behalf

4    of all persons similarly situated, as follows:

5    <u>**GENERAL DENIAL**</u>

6    Pursuant to the provisions of California Code of Civil Procedure section 431.30(d),

7    Defendant denies, generally and specifically, each, every, and all material allegations of the

8    Complaint. Defendant denies that this case is suitable for class treatment. Defendant denies,

9    generally and specifically, that Plaintiff and the putative class members have been damaged in any

10   sum, or at all, by reason of any act or omission on the part of Defendant, or by any act or omission

11   by any agent or employee of Defendant. Defendant further denies, generally and specifically, that

12   Plaintiff and the putative class members are entitled to any relief whatsoever.

13   As Plaintiff has pled a vague, factually deficient Complaint and class, and the parties have

14   not commenced discovery, Defendant has insufficient knowledge or information on which to form

15   a belief as to all of its defenses. Without conceding that it bears the burden of proof or persuasion

16   as to any of them and reserving its right to assert additional defenses if appropriate as more

17   information is discovered, Defendant asserts the following separate defenses to the allegations set

18   forth in the Complaint.

19   <u>**DEFENSES**</u>

20   1.    As a separate and affirmative defense to the Complaint and the purported causes

21   of action alleged therein by Plaintiff, Defendant alleges that the claims brought by Plaintiff are

22   barred, in whole or in part, because Plaintiff's Complaint fails to state facts sufficient to

23   constitute a claim for relief against Defendant.

24   2.    As a separate and affirmative defense to the Complaint and the purported causes

25   of action alleged therein by Plaintiff, Defendant alleges that the claims brought by Plaintiff are

26   barred, in whole or in part, by one or more of the applicable statutes of limitations.

27   3.    As a separate and affirmative defense to the Complaint and the purported causes

28   of action alleged therein by Plaintiff, Defendant alleges that Plaintiff's claims, and the claims of

each putative member of the purported class, or some of them, are barred in whole or in part by the doctrine of estoppel to the extent Plaintiff and other putative members of the class failed to report time worked to Defendant.

4.     As a separate and affirmative defense to the Complaint and the purported causes of action alleged therein by Plaintiff, Defendant alleges that the claims brought by Plaintiff are barred, in whole or in part, by her own unclean hands and/or her inequitable or wrongful conduct.

5.     As a separate and affirmative defense to the Complaint and the purported causes of action alleged therein by Plaintiff, Defendant alleges that the claims brought by Plaintiff are barred, in whole or in part, by the doctrine of avoidable consequences on the grounds that she unreasonably failed to make use of her employer's practices and/or procedures by failing to timely and properly report any purportedly unlawful actions and/or omissions alleged in the Complaint.

6.     As a separate and affirmative defense to the Complaint and the purported causes of action alleged therein by Plaintiff, Defendant alleges that, if any damages have been sustained by Plaintiff, although such is specifically denied, Defendant is entitled under the equitable doctrine of setoff and recoupment to offset all extra payments or overpayments and/or all obligations to Plaintiff owed by Defendant, against any judgment that may be entered against Defendant.

7.     As a separate and affirmative defense to the Complaint and the purported causes of action alleged therein by Plaintiff, Defendant alleges that claims of Plaintiff and/or the putative class members are barred by payment and/or accord and satisfaction.

8.     As a separate and affirmative defense to the Complaint and the purported causes of action alleged therein by Plaintiff, Defendant alleges that the claims of Plaintiff and/or the putative class members are barred by the doctrine of settlement and release.

9.     As a separate and affirmative defense to the Complaint and the purported causes of action therein, use of a class action mechanism would be unconstitutional under the United States Constitution and the California Constitution and violative of Defendant's right to due

process, including but not limited to because Defendant retains the right to assert defenses as to every potential class member.

10.    As a separate and affirmative defense to the Complaint and the purported causes of action alleged therein by Plaintiff, Defendant alleges that the causes of action stated in the Complaint are barred, in whole or in part, to the extent that Plaintiff and/or individuals who Plaintiff wishes to represent as putative class members may have released, waived, discharged, and/or abandoned their claims against their employer that are being asserted in the Complaint.

11.    As a separate and affirmative defense to the Complaint and the purported causes of action alleged therein by Plaintiff, Defendant alleges that the causes of action stated in the Complaint are barred by the doctrines of res judicata, collateral estoppel, and/or issue preclusion.

12.    As a separate and affirmative defense to the Complaint and the purported causes of action alleged therein by Plaintiff, Defendant alleges that the Complaint, and each cause of action alleged therein, are barred, diminished, or reduced under Labor Code §§ 2854, 2856, 2858, and 2859, to the extent that Plaintiff failed to use ordinary care and diligence in the performance of her duties, failed to comply substantially with the reasonable directions of her employer, and failed to exercise a reasonable degree of skill in performing her duties.

13.    As a separate defense to the Complaint and each cause of action therein, Defendant alleges that Plaintiff and/or the putative class members are not entitled to equitable relief because the Complaint fails to allege facts sufficient to justify equitable relief and/or they have failed to avail themselves of or exhaust plain, adequate, or complete remedies of laws available to them under the provisions of applicable state or federal law.

14.    As a separate and affirmative defense to the Complaint and the purported causes of action alleged therein by Plaintiff, Defendant alleges that Plaintiff is not entitled to any penalty award under any section of the Labor Code because at all relevant times, her employer did not willfully, knowingly, and/or intentionally fail to comply with the compensation provisions of the Labor Code, but rather acted in good faith and had reasonable grounds for believing that it did not violate those provisions.

15.     As a separate and affirmative defense to the Complaint and the purported causes of action alleged therein by Plaintiff, Defendant alleges that individual issues predominate over common ones such that class treatment is inappropriate.

16.     As a separate and affirmative defense to the Complaint and the purported causes of action alleged therein by Plaintiff, Defendant alleges that Plaintiff's interests are in conflict with the interests of the putative class members.

## RESERVATION OF RIGHTS

Defendant alleges that it currently has insufficient information upon which to form a belief as to whether it may have additional, as yet unstated, defenses. Defendant therefore reserves the right to assert additional defenses in the event that discovery indicates additional defenses are appropriate.

## PRAYER FOR RELIEF

WHEREFORE, Defendant prays for judgment as follows:

1.     That the Court deny Plaintiff's request to certify this action as a class action against Defendant;

2.     That Plaintiff takes nothing by the Complaint;

3.     That the Complaint herein by dismissed in its entirety, with prejudice;

4.     That judgment be entered against Plaintiff and in favor of Defendant on the causes of action asserted in the Complaint;

5.     That Defendant be awarded its attorneys' fees and costs incurred herein; and,

6.     That the Court award Defendant such other and further relief as the Court deems just and proper.

Dated:  February 15, 2024                    ORRICK, HERRINGTON & SUTCLIFFE LLP


By: _____
                              MELINDA S. RIECHERT
                              JULIA C. RIECHERT
                              MARIAM BICKNELL
                              Attorneys for Defendant
                              CHICO'S FAS, INC.

- 4 -

## PROOF OF SERVICE

I am more than eighteen years old and not a party to this action. My business address is Orrick, Herrington & Sutcliffe LLP, 1000 Marsh Road, Menlo Park, California  94025. On February 15, 2024, I served the following documents:

**DEFENDANT CHICO'S FAS, INC.'S ANSWER TO CLASS ACTION COMPLAINT**

On all interested parties in this action by transmitting via electronic mail the document(s) listed above to the addresses set forth below on February 15, 2024 via One Legal:

Norman B. Blumenthal
Norm@bamlawca.com
Kyle R. Nordrehaug
kyle@bamlawca.com
Aparajit Bhowmik
aj@bamlawca.com
Nicholas J. De Blouw
nick@banlawca.com
Jeffrey S. Herman
jeffrey@bamlawca.com
**BLUMENTHAL NORDREHAUG
BHOWMIK DE BLOUW LLP**
2255 Calle Clara
La Jolla, California  92037
San Francisco, California  94105

*Attorneys for Plaintiff*

I declare under penalty of perjury that the foregoing is true and correct.  Executed on February 15, 2024.

_____
Josette Romero

PROOF OF SERVICE